[No. 18266. Department One. November 6, 1923.]

Frances Woodruff, *Respondent,* v. Mark Ewald, *Appellant.*[1]

New Trial (13½)—Misconduct of Jurors—View of Premises Without Order of Court—Prejudice. It was prejudicial error for a jury, without the knowledge or consent of the court or counsel, to view the scene of the accident, where it appears that it was manifestly for gaining more certain knowledge of the physical surroundings, which had changed, more or less, since the accident.

Same (43, 44)—Time for Application—Extension of Time for Filing Affidavits—Discretion. Where the adverse party was given time to file counter affidavits, he cannot complain that affidavits on a motion for new trial were not served and filed within the two days limited by Rem. Comp. Stat., § 402, which gives "two days or such further time as the court may allow" for counter affidavits.

Appeal from an order of the superior court for Thurston county, Wilson, J., entered July 2, 1923, granting plaintiff a new trial, after a nominal verdict for plaintiff in an action for personal injuries. Affirmed.

*Frank C. Owings* and *Thos. L. O'Leary,* for appellant.

*Vance & Christensen,* for respondent.

Parker, J.—The plaintiff, Frances Woodruff, seeks recovery of damages from the defendant, Mark Ewald,

[1]Reported in 219 Pac. 851.

for personal injuries suffered by her, as she claims, as the result of the negligent driving of the automobile of the defendant, causing it to collide with an automobile in which she was riding, at a street intersection in the city of Olympia. A trial in the superior court for Thurston county, sitting with a jury, resulted in a verdict in favor of the plaintiff, awarding her nominal recovery in the sum of five dollars. The plaintiff thereupon timely made a motion for a new trial, one of the grounds of the motion being misconduct of the jury at the time of the deliberation of the jury upon their verdict. The motion being heard by the court, it awarded the plaintiff a new trial upon the sole ground of misconduct of the jury. The defendant's claim that the court erred in so ruling is the principal question which we find it necessary to here notice.

The trial was concluded and the case submitted by the court to the jury at about 5:30 p. m. The jury then retired to their room in the courthouse and elected one of their number foreman. They then were taken by the bailiff to a restaurant for dinner, expecting to return to their room and conclude their deliberations after dinner. While returning from dinner, at the suggestion of one or more of the jurors, the bailiff took them to the street intersection, the scene of the accident in question; it being necessary for them to go out of their way some two blocks upon returning to their room in the courthouse, in order to so visit the scene of the accident. This was not a mere casual visit to the scene of the accident, but was manifestly a visit for the purpose of gaining more exact knowledge relative to the scene of the accident, at least on the part of some of the jurors. This visit was without the consent of the plaintiff or her counsel, and without the knowledge of either of them until after the entering

of the verdict; and was also wholly without authorization by the court.

While at the scene of the accident, the jury remained there some fifteen minutes viewing the surroundings, at the same time talking about the case in the light of the evidence introduced upon the trial. The jury then returned to their room in the courthouse, and some three hours later returned into court and rendered their verdict in favor of the plaintiff in the nominal sum of five dollars, as already noticed. While the record seems to show that there is substantial agreement between the witnesses as to the location of the several objects and buildings and the physical surroundings generally at and near the scene of the accident at the time of its occurrence, it seems quite clear that the physical surroundings had somewhat materially changed at the time of the jury's visit in question. Certain obstructions in and near the intersection caused by building operations had been removed at the time of the jury's visit.

It is contended in behalf of the defendant that, since there was no substantial conflict in the evidence as to the physical surroundings of the scene of the accident at the time of its occurrence, the visit of the jury could not have been prejudicial to the plaintiff. We are unable to so decide in the light of the record before us, in view of the fact that the scene of the accident had in some substantial manner changed at the time of the jury's visit; that the visit was wholly unauthorized by the court; that the visit was made manifestly for the purpose of gaining more exact knowledge of the physical surroundings of the scene of the accident, at least on the part of some of the jurors; and that the visit was without the consent or knowledge of the plaintiff or her counsel, thus depriving them of all opportunity to meet or counteract in

any manner, either by argument, explanatory evidence or requested cautionary instructions, any impressions which the physical surroundings of the scene of the accident at the time of the jury's visit might have erroneously suggested.

Some contention is made in behalf of defendant that several of the affidavits presented to the court in support of the plaintiff's motion for a new trial should be entirely disregarded because they were not timely served upon counsel for the defendant. These affidavits were, as a matter of fact, considered by the trial court; in other words, they were received in evidence upon the issue of fact as to the jury's misconduct; and, so far as we can see from the record, without objection upon the part of counsel for the defendant and without any request for further time to file counter affidavits. The argument seems to be that, because the trial court made no formal order extending the time for the filing of these affidavits presented to the court by counsel for the plaintiff, they were not properly before the court. In § 402, Rem. Comp. Stat. [P. C. § 8229], we read:

"If the motion is made upon affidavits, the moving party must, within two days after serving the motion, or such further time as the court in which the action is pending, or the judge thereof may allow, file such affidavits with the clerk, and serve a copy thereof upon the adverse party, who shall have two days to file counter affidavits, or such further time as the court may allow."

We think the receiving and considering of these affidavits by the court, though served after the time prescribed by the statute above quoted, is in effect an exercise of the court's discretion in extending the time for their service so as to properly receive and consider them as the court did. Of course, if counsel for the defendant had been deprived of a requested oppor-

tunity to file affidavits counter thereto, or to offer other evidence counter thereto, we would have quite a different situation. We conclude that the affidavits were properly considered by the trial court and should, therefore, be properly considered here.

The order awarding the plaintiff a new trial is affirmed, and the cause remanded to the superior court for further proceedings.

MAIN, C. J., HOLCOMB, MACKINTOSH, and TOLMAN, JJ., concur.