[No. 19153.   Department One.   July 18, 1925.]

R. B. MACOMBER, *Appellant*, v. J. W. HAYS *et al.,*
*Respondents.*[1]

NEW TRIAL (51)—GROUNDS—NEWLY DISCOVERED EVIDENCE—SUF-
FICIENCY OF AFFIDAVITS. Affidavits in support of a motion for a new
trial for newly discovered evidence are insufficient, where there was
no showing of diligence in procuring the testimony, which was only
cumulative.

APPEAL (418)—REVIEW—FINDINGS. Findings on conflicting evi-
dence will not be disturbed where it can not be said that the evi-
dence preponderates against them.

Appeal from a judgment of the superior court for
Spokane county, Lindsley, J., entered September 17,
1924, upon findings in favor of the defendants, in an
action to foreclose a mechanics' lien, tried to the court.
Affirmed.

*E. B. Quackenbush,* for appellant.

*John Pattison,* for respondents.

ASKREN, J.—Plaintiff brought this action to fore-
close a lien for labor.  The defendants, answering, al-
leged that the plaintiff was a co-partner in the doing
of the work with one W. T. Harris, in whose name the
contract was let, and that Harris had been fully paid
under the contract.  Upon a trial the court found the
co-partnership existed, that the amount of the contract
had been fully paid, and entered judgment for the
defendants.  This appeal followed.

Two errors are assigned.  The first is that the court
erred in striking certain affidavits filed in support of
a motion for a new trial.  The motion was filed June
27, 1924.  No affidavits were presented with it, nor was
any order made for an extension of time as required

[1]Reported in 237 Pac. 1002.

by § 402, Rem. Comp. Stat. [P. C. § 8229]. On September 13, more than seventy days thereafter, the affidavits were filed. The trial judge made an order striking them, and later amended his order to show that he believed he had no right to consider them, since no extension of time had been granted for their filing. Appellant contends that the court had the right to consider these affidavits, and that it should have exercised its discretion in determining whether or not they should be received, relying upon *Woodruff v. Ewald,* 127 Wash. 61, 219 Pac. 851.

Assuming, without deciding, that the court in its discretion could have received these affidavits, there is an objection to their sufficiency. The affidavits were of men who were employed upon the work in question. Nowhere in any of them is there any showing of diligence in the procuring of the testimony, and no reason is given why the same could not have been procured and given at the trial. It was known from the date of the answer that the whole issue to be tried before the court was the question of partnership. Since there was no showing of diligence in procuring this testimony, or that it was newly discovered evidence, and when it affirmatively appears that it is only cumulative, it lacks that potency necessary to support a motion for a new trial.

The second question urged is that the evidence is contrary to the court's findings. There were many facts and circumstances tending to establish both sides of the controversy. The court had an opportunity to see and hear the witnesses, and it naturally follows was in a better position to determine the truth or falsity of their testimony than we are from the printed page. A careful examination of the testimony and exhibits in the case does not justify us in holding that the evidence

preponderates against the judgment of the trial court, and under our repeated holdings it must therefore be affirmed. It is so ordered.

TOLMAN, C. J., PARKER, HOLCOMB, and BRIDGES, JJ., concur.