[No. 28122.   Department Two.   January 2, 1941.]

R. A. WOODWARD, *Appellant,* v. H. H. SIMMONS *et al.,*
*Respondents.*[1]

*Sandvig & Walters,* for appellant.

*O. L. Boose,* for respondents.

JEFFERS, J.—This action was brought by R. A. Woodward against H. H. Simmons and wife, to recover damages for personal injuries claimed to have been sustained by plaintiff in a collision between an automobile driven by one Dr. T. D. Rosenoff, in which plaintiff was at the time riding as a guest, and an automobile owned and operated by defendant H. H. Simmons. The ac-

[1]Reported in 108 P. (2d) 637.

cident occurred on U. S. highway No. 410, about two miles east of Sunnyside, Washington.

It is alleged that defendant Simmons was negligent in the following respects: (1) In driving his automobile at a high and excessive rate of speed, and without having same under control; (2) in driving the automobile to his left of the center of the highway, and on the northerly portion thereof; (3) in driving the automobile in total disregard of the rights of plaintiff, and in such a manner as to collide with the automobile in which plaintiff was riding.

Defendants by their answer denied the allegations of negligence, and alleged affirmatively that plaintiff was guilty of contributory negligence, and also that plaintiff and the driver of the car in which he was riding were engaged in a joint enterprise.

The affirmative allegations of the answer were denied by the reply.

The cause came on for hearing on January 22, 1940, before the court without a jury, and, at the close of the case, the court, in summing up the testimony, orally announced that, in his opinion, defendant Simmons, under the circumstances present the morning of the accident, was driving too fast, and that that was at least a contributing cause of the accident. The court further announced that plaintiff was entitled to judgment in the sum of $4,500.

On January 24, 1940, defendants filed a motion for judgment notwithstanding the oral decision of the court. While we find in the record no order granting defendants' motion, it is apparent from the memorandum opinion of the court, filed February 15, 1940, and from the judgment entered, that defendants' motion was granted. On March 2, 1940, judgment was entered dismissing the action.

Plaintiff timely filed motion for judgment notwith-

standing the judgment entered, or in the alternative for a new trial, which motions were by the court denied, and this appeal by plaintiff followed.

Appellant claims the court erred in refusing to make findings of fact and conclusions of law proposed by appellant; in failing to enter judgment for appellant and against respondent; in making the findings of fact and conclusions of law which it did make, and in entering judgment for respondent.

The trial court found that respondent H. H. Simmons (who will hereinafter be referred to as though he were the sole party respondent), at the time of the collision and immediately prior thereto, was guilty of negligence in driving his automobile at the speed of thirty-five miles per hour, which under the conditions then and there existing was excessive, and that, for a few feet previous to the collision, respondent was operating his automobile slightly on the northerly portion of the highway and in the lane of traffic of the Rosenoff car. However, the court also found that neither of such negligent acts was a proximate cause of the collision with the Rosenoff car.

The question presented is whether or not respondent was negligent in the operation of his automobile, and if so, whether or not such negligent operation was a proximate cause of the collision and appellant's injuries resulting therefrom.

There is practically no dispute in the testimony as to the acts of the drivers of the respective cars, the condition of the highway over which they were traveling, and as to the weather conditions existing up to a point a short distance from where the accident occurred. The undisputed facts may be stated as follows:

On February 21, 1940, at about seven forty-five a. m., appellant was riding in an automobile driven by Dr. Rosenoff, going in a westerly direction on U. S. high-

way No. 410, which has an oiled surface of about twenty feet and a graveled shoulder of four to five feet outside the oiled surface. Appellant was riding as a guest of Dr. Rosenoff, and they were driving from Prosser to White Swan, in Yakima county. The highway from Prosser to a point about one-eighth of a mile east of the place of the accident was dry, the sun was shining, and there was no fog.

The collision occurred about two miles east of Sunnyside. When the Rosenoff car came to a point about one-eighth of a mile east of the place where the accident occurred, it went through a cut and suddenly came into a bank of fog. Upon entering the fog, Dr. Rosenoff immediately released the throttle on his car, which reduced its speed, and shortly thereafter applied his brakes, causing his car to skid. It continued skidding in a sideways position, with its front end toward the north and its rear end toward the south of the highway, thus continuing in a westerly direction until the collision.

Respondent had that morning left Sunnyside with a crew of men to go to a place east of the point of collision, for the purpose of grading and sorting some potatoes, and a truck owned by respondent and operated by one Hartenstine left Sunnyside just ahead of respondent's car, for the same place. We mention the truck at this time, as it will be hereinafter referred to, and becomes quite material in our subsequent discussion.

The highway from Sunnyside to the point of collision was slippery, by reason of the condensing of fog and the freezing thereof on the highway. Respondent, up to the time he saw the Rosenoff car, had been driving at about thirty-five miles per hour. West of the point of collision, the fog was so dense that

respondent's visibility was limited to about seventy-five feet.

Respondent first saw the Rosenoff car when it was about seventy-five feet east of him and was coming towards him down the highway sideways. When he saw the car come out of the fog, he immediately removed his foot from the accelerator, but did not apply his brakes, for the reason, as he stated, that, due to the icy and slippery condition of the highway, it would have been useless and dangerous to apply his brakes.

Respondent testified that the Rosenoff car skidded fifty or sixty feet and appeared to be entirely out of control; that he (respondent) was never over the yellow line or out of his lane of traffic before the collision; that he did not see the truck driven by Hartenstine after it left Sunnyside.

Vern Smith, who was riding with respondent, testified that he did not see the Hartenstine truck after it left Sunnyside; that, when he first saw the Rosenoff car, it was coming sideways pretty well over in respondent's lane of travel and about seventy-five to one hundred feet away; that respondent was driving in his own lane of travel and did not leave it before the collision; that the Rosenoff car skidded about fifty feet.

Virgil Shepherd, another occupant of the Simmons car, testified in regard to the collision substantially the same as respondent, as did Mr. Baldwin, who also was riding in the Simmons car.

Claude Evans, who arrived at the scene of the wreck almost immediately after the collision, testified that he picked up some equipment, test tubes, etc., which had been bounced out of the trunk on the Rosenoff car; that these articles were lying on the south side of the highway, and some of them even out on the south shoulder. This witness also testified that he traced the skid marks of the Rosenoff car from a point about

ninety feet east of the wreck, up to the point of collision on the south side of the pavement.

Appellant contends that the evidence is absolutely undisputed that the skidding of the Rosenoff car was caused by the act of respondent in driving his car to the north of the center of the highway; further contending that Dr. Rosenoff, believing that, because of the position of the Simmons car on the highway, a collision was imminent, applied his brakes, which in turn was the cause of the skidding, and that the court should have so found. Appellant contends that, under the uncontradicted facts, respondent was guilty of two acts of negligence: First, in driving partially over to the north side of the highway, thereby causing Dr. Rosenoff to apply his brakes; and second, in driving at a speed of thirty-five miles per hour. Appellant contends that both acts were proximate causes of his injury, and that the court should have so found.

Let us look at appellant's first contention. It is true the trial court found

"That for a few feet previous to the collision, H. H. Simmons was operating his automobile slightly on the northerly portion of said highway and slightly in the lane of traffic of the Rosenoff car."

However, the court, in his memorandum opinion, stated:

"The court also feels that the fact that the left front wheel of defendant's car was a few inches over the yellow line was not a proximate cause of the accident. Even though it had been entirely on its side of the highway by two, or even three, feet, the accident would have occurred nevertheless. As stated in *Bracy vs. Lund*, 197 Pac. 188, at 204, the presence of the defendant's left front wheel a few inches across the yellow line was 'a condition, and not in any sense a contributing proximate cause,' since the proximate cause of the accident was the oncoming Rosenoff car skidding sideways down the ice covered highway, through the

fog, with its rear end extending from five to seven and a half feet over on its left hand side of the highway."

Let us look to the testimony and see whether or not the trial court was bound to find and conclude therefrom that Dr. Rosenoff applied his brakes because of the act of respondent in driving to the north of the center of the highway for a few feet previous to the collision.

Dr. Rosenoff testified that, after striking the fog, he met a truck (Hartenstine truck); that, as he was about to pass this truck, he noticed the lights of another car, which proved to be the Simmons car; that the lights indicated that the car crossed over the yellow center line of the highway to the north and into his lane of travel; that he thereupon applied his brakes, and immediately his car started skidding, with the forepart thereof in his own lane of travel and the rear part of his car partly to the south of the yellow line, gradually going, however, toward the north; that, at a time when the right front wheel of his car was on his right shoulder of the highway, and the rear of his car slightly to the north of the center line of the highway, his car was struck by respondent's car.

It is apparent that the trial court did not accept at least all of the testimony of Dr. Rosenoff, as the court found:

"That at a point approximately ninety to one hundred feet east of the point of impact, the rear wheels of the Rosenoff car skidded off the pavement to the south, making a slight cut or depression in the shoulder at such place."

This finding is quite convincing that the trial court was of the opinion the Rosenoff car was further over in the south lane than the doctor testified.

The court also found:

"That when the car of Dr. Rosenoff and the car of the defendants came within the range of each other's visibility, which was limited by the fog to approximately seventy-five feet, the Rosenoff car was skidding sideways down the highway, with its rear end extending several feet over on the south lane, *and the Simmons car was proceeding easterly in the south lane of traffic.*"

This last finding is also convincing of the fact that the trial court was of the opinion that the Simmons car was not over the yellow line to the north when the cars came within the range of each other's visibility.

We now desire to discuss the testimony of Mr. Hartenstine, from which we think the court could reasonably have inferred that it was not the lights of the Simmons car which caused Dr. Rosenoff to apply his brakes, but either the lights of, or the sight of, the Hartenstine truck which impelled Dr. Rosenoff to apply his brakes. The testimony shows conclusively that the Hartenstine truck was far enough ahead of respondent's car so that none of the occupants of respondent's car had seen the truck after it left Sunnyside. Mr. Hartenstine testified that, when he first saw the Rosenoff car, it was a little east of where the collision occurred and was coming down the highway at a good speed, straddle of the yellow line; that he swerved his truck over, and the Rosenoff car went by him sideways; that he swerved his front wheels off the pavement, right of way, then the whole truck off the right of way, and stopped, got out, and went back about twenty-five or thirty feet to see if the car which passed him had gone in the ditch; that he could see nothing and heard nothing, so he got in his truck and went on. This witness further testified the Rosenoff car was skidding sideways; that the back end was coming around more, and the left-hand back wheel was coming toward him. The testimony is undisputed that

the Rosenoff car was struck on the left side back of the door.

We think it apparent that, if the trial court believed the Hartenstine testimony, it might reasonably have concluded that it was the lights on, or the sight of, the Hartenstine truck which caused Dr. Rosenoff to apply his brakes. This surely would have been a reasonable inference, as the Rosenoff car was not skidding when first seen by Hartenstine, but immediately thereafter went into a skid. It will also be remembered that this truck was some distance ahead of respondent's car, and, at least according to the testimony of respondent's witnesses, including Mr. Hartenstine, not within sight of respondent's car.

The trial court, in its memorandum opinion, went to some length in reaching its conclusion that, under all the facts and circumstances shown to exist at the point of collision, the accident would have occurred had respondent's car been traveling at only twenty miles an hour, which the court thought would have been a reasonable speed, under the existing conditions, the only difference being that the accident would have occurred a little farther to the west.

We are in accord with the rule announced in *Osborne v. Charbneau*, 148 Wash. 359, 268 Pac. 884, 64 L. R. A. 251, cited by appellant, to the effect that

"The mere skidding of an automobile is not an occurrence of such uncommon or unusual character that alone and unexplained it can be said to furnish evidence of negligence in the operation of a car."

We are not here concerned with the question of whether or not the skidding of the Rosenoff car was caused by any negligent act of Dr. Rosenoff, but are concerned only with whether or not the two negligent acts of respondent, or either of them, were a proximate cause of the collision. The trial court, in arriving at its

conclusion that such negligent acts, or either of them, were not a proximate cause, stated in its memorandum opinion that the proximate cause of the collision was the skidding of the Rosenoff car sideways down the highway in respondent's lane of travel.

It is apparent, therefore, that those cases in which it is claimed that the skidding of a car constituted negligence are not helpful to appellant, as a car skidding down a highway might be the proximate cause of a collision, regardless of whether such skidding was through any fault of the driver or not.

▪ ■ We have held in a good many cases that, regardless of the fact that a driver of an automobile was operating his car at an excessive rate of speed and was negligent in such operation, unless such negligent operation was a proximate cause of the claimed injury in the particular case, the negligent operator was not liable. *Burlie v. Stephens,* 113 Wash. 182, 193 Pac. 684; *Flagg v. Vander Yacht,* 174 Wash. 521, 24 P. (2d) 1063; *Clark v. King,* 178 Wash. 421, 34 P. (2d) 1105; *Cook v. Rafferty,* 200 Wash. 234, 93 P. (2d) 376.

■ We are also in accord with the rule announced in *Eldredge v. Garrison,* 184 Wash. 687, 52 P. (2d) 1240, to the effect that fog is one of the most dangerous conditions which can beset the driver of a motor vehicle, and that one driving through fog must exercise a very high degree of care. The trial court had this principle in mind, because it found that respondent was negligent in operating his car at a speed of thirty-five miles per hour, under existing conditions.

In the instant case, it was not only necessary for appellant to prove that respondent was negligent, but also that such negligence was a proximate cause of his injuries. After a careful consideration of all the evidence in this case, we agree with the trial court that the evidence does not establish that the accident would

not have happened had respondent been driving at only twenty miles per hour and had he been entirely on his own side of the highway instead of a few inches to the north of the yellow line a few feet before the collision.

For the reasons herein assigned, the judgment is affirmed.

BEALS, ROBINSON, and SIMPSON, JJ., concur.

BLAKE, C. J., dissents.