[No. 29752. Department Two. February 28, 1946.]

I. A. WELLONS, *Appellant*, v. ARTHUR WILEY *et al.*, *Respondents.*[1]

[1]Reported in 166 P. (2d) 852.

*Frederick B. Cohen* and *W. U. Park*, for appellant.

*Chas. R. Lewis*, for respondents.

BEALS, J.—Late in the afternoon of February 19, 1944, defendant Arthur Wiley was driving his automobile in a southeasterly direction along a county road in Mason county, between the towns of Belfair and Tahuya. The road, which was paved with black top, was straight, and the pavement was dry. Defendant's car skidded and, departing from the pavement on its right side of the road, struck a boat belonging to plaintiff, I. A. Wellons, the boat being partially on Mr. Wellons' property and partially on the roadway, though some distance from the paved portion.

Mr. Wellons instituted this action for the recovery of damages against Mr. and Mrs. Wiley, alleging in his complaint that Mr. Wiley (who will herein be referred to as though he were the sole party defendant to the action) had driven his car at a high rate of speed, had failed to keep the car under control (in plaintiff's [appellant's] brief it is stated that "respondent's car went into a skid"), and drove it off the road upon plaintiff's property, injuring plaintiff's boat, to his damage, in the sum of $257.50, for which amount,

together with costs, plaintiff demanded judgment against defendant.

By his answer, Mr. Wiley denied all negligence on his part and pleaded affirmatively that, at the time and place in question, he was driving carefully and in a lawful manner; that, without any negligence on his part, one of the tires blew out, causing him to lose control of his car, and that he was unable to prevent the car from leaving the pavement and colliding with plaintiff's boat. Plaintiff having denied the affirmative allegations in defendant's answer, the action was tried to the court, sitting without a jury, and resulted in findings of fact and conclusions of law in defendant's favor, followed by an order dismissing the action, from which order plaintiff has appealed.

Appellant assigns error upon the court's finding that the accident occurred without fault or negligence on the part of respondent, upon the court's finding No. 4, and upon the entry of the order dismissing appellant's action. The court's findings Nos. 3 and 4 read as follows:

"That on the said 19th day of February, 1944, while the said Arthur Wiley was operating and driving said Chevrolet Coupe upon the said Belfair-Tahuya road in a Southeasterly direction, at a rate of speed not to exceed 35 miles per hour, a tire blew out on the said car without fault or negligence on the part of Defendants, and said car became unmanageable and left the main travel portion of the highway and struck a boat of Plaintiff off the main traveled portion of the highway but on or near the right-of-way of the said county road, damaging the said boat.

"That plaintiff failed to show that damages to his boat was due to negligence of the Defendants, or the said Arthur Wiley."

Appellant argues that the doctrine of *res ipsa loquitur* applies, and that, if this doctrine be applied to the facts in the case at bar, the judgment appealed from should be reversed.

Appellant introduced testimony to the effect that respondent's car had left the paved portion of the highway, struck appellant's boat, and damaged it. He testified also that,

after the accident, the left rear tire of respondent's car had suffered a blowout.

At the close of appellant's case, respondent moved to dismiss the action upon the ground that appellant's evidence showed no negligence on the part of respondent, which motion the court denied. Whereupon, respondent introduced his evidence, testifying that, on the afternoon in question, he was driving his Chevrolet coupe at between thirty and thirty-five miles an hour along the road above referred to. The witness testified that his tires were in good condition, but that his left rear tire suddenly blew out, causing his car to go out of control and leave the road, striking appellant's boat. He testified that his tires had been used about eighteen months; that they were good tires; that he knew of no weak spots therein, and that, after the accident, he found no foreign substance in the tire which would have caused the blowout.

There is no substantial dispute in the evidence, appellant arguing that respondent must have been driving faster than he admitted; that a blowout on the left rear tire of a car would tend to throw the car to the left, rather than to the right; and that it appears probable that the tire blew out after the car had left the pavement and was proceeding over the unpaved portion of the road, which was rough. Respondent testified that the first reaction of a car when the left rear tire explodes would be to turn to the left, but that if the driver applied the brake, as he did, the car would turn the other way.

So many elements contribute to the gyrations of an automobile that suffers a blowout, or skids, or goes out of the driver's control, that this court long ago refused to indulge in speculations concerning the causes of admitted results due to the movement of the car. In the case of *Eubanks v. Kielsmeier*, 171 Wash. 484, 18 P. (2d) 48, we said:

"No one can anticipate what contortions an automobile will go through, or what vagaries it will pursue, when a blowout occurs. It may steer for a telephone pole, or it may seek an embankment or a ditch. The driver is usually, or at least often, powerless. Even though he may err in his

immediate action, yet if it be an error of judgment only, he is not to be charged with negligence for that act alone."

In support of his contention that the court should have applied the doctrine of *res ipsa loquitur* and granted judgment in appellant's favor, appellant cites *Martin v. Bear,* 167 Wash. 327, 9 P. (2d) 365, *Weaver v. Windust,* 195 Wash. 240, 80 P. (2d) 766, and *Tutewiler v. Shannon,* 8 Wn. (2d) 23, 111 P. (2d) 215, which cases hold that one who is driving an automobile on his wrong side of the highway and collides with another car, bears the burden of justifying the presence of his automobile on the wrong side of the road.

Reasoning by analogy, appellant argues that, respondent's car having left the paved portion of the highway and, while moving along the unpaved portion of the highway not intended for traffic, damaged appellant's boat, the burden of proof rested upon respondent to justify the position of his car after it departed from the pavement.

The principle adopted by this court in the cases cited by appellant does not constitute the application of the doctrine of *res ipsa loquitur* to the situations presented in those cases. In the cases cited, we held simply that one driving a car along the wrong side of a highway must excuse, or explain, the presence of his car in such a position when sued for damages, pursuant to allegations that his wrongful act, in violating a law of the highway, resulted in injury to another. The cases cited all hold that the skidding of an automobile is not, of itself, evidence of negligence on the part of the driver, but merely places upon him the burden of showing that the car was on the wrong side of the highway through no fault of his.

Appellant might well have relied upon the cases cited, if the trial court had granted respondent's motion for dismissal, at the close of appellant's case, upon appeal to this court from such an order. The trial court, however, did not grant that motion, and respondent testified concerning the cause of the accident and the reason his car left the pavement.

Appellant also cites the case of *Mahlum v. Seattle School*

*Dist. No. 1,* 21 Wn. (2d) 89, 149 P. (2d) 918, which was an action for damages suffered by the plaintiff as the result of the explosion of a pressure cooker. The trial court held that the doctrine of *res ipsa loquitur* was applicable to the case and instructed the jury accordingly. From a verdict in favor of the plaintiff, the school district appealed, contending, *inter alia,* that the court erred in instructing the jury that they could consider the doctrine referred to. In holding that the trial court had not erred in this particular, we said:

"It is true, as appellant points out, that the doctrine of *res ipsa loquitur* is not a substantive rule of law, but simply a rule of evidence *(Penson v. Inland Empire Paper Co.,* 73 Wash. 338, 132 Pac. 39, L. R. A. 1915F, 15), and that it is to be invoked sparingly and applied only where the facts and the demands of justice make its application essential."

The application of the doctrine in the case cited was proper, but the case is nowise in point here, the facts in the case at bar presenting an entirely different situation.

In the case of *Anderson v. Northern Pac. R. Co.,* 88 Wash. 139, 152 Pac. 1001, L. R. A. 1917F, 1020, an action against the railroad for wrongful death, this court said:

"Finally, reliance is placed upon the doctrine of *res ipsa loquitur.* It is a well known rule that, where a passenger is injured and it is shown that the injury was caused by some person or thing connected with the carrier's railroad or business of transportation, a presumption of negligence will arise. In this case, however, the appellant did not rely upon the presumption, but introduced evidence showing the cause which produced the accident. But this was a definite fact. In such a case the doctrine of *res ipsa loquitur* does not apply. In *Stangy v. Boston Elev. R. Co.,* 220 Mass. 414, 107 N. E. 933, it is said:

" 'The case at bar is not within the doctrine of *res ipsa loquitur,* which oftentimes is enough to support a finding of negligence on the part of a common carrier. [Citing cases.] That doctrine does not establish liability where a definite cause is clear on the evidence. It applies only when the cause, although unexplained, does not happen according to common experience without fault on the part of the defendant.

" 'The case at bar is not an instance of an unsuccessful attempt to prove the precise cause, which would not bar the plaintiff from relying upon appropriate presumptions, but it is a case where inferences are excluded because the cause is disclosed to be a definite fact. [Citing cases.] In cases of this sort such fact must be shown to be the result of the defendant's negligence before there can be recovery.' "

In the case of *Osborne v. Charbneau,* 148 Wash. 359, 268 Pac. 884, 64 A. L. R. 251, which was brought before us on plaintiff's appeal from an adverse judgment, rendered on the verdict of a jury in the defendant's favor, in an action for personal injuries sustained by a pedestrian struck by an automobile, we said:

"The mere skidding of an automobile is not an occurrence of such uncommon or unusual character that alone and un-explained it can be said to furnish evidence of negligence in the operation of a car. [Citing cases.]"

The trial court had instructed the jury as follows:

" 'The plaintiff, Arminta Osborne, being without dispute where she had a right to be, and it being admitted that she was struck, you are instructed that the burden of showing that defendant driver was not negligent is upon the defendants, as a matter of law.' "

Concerning this instruction, we said:

"By instruction No. 10, quoted above, the trial court extended to this case the doctrine of *res ipsa loquitur.* We think it may be seriously questioned whether or not the doctrine of *res ipsa loquitur* applies in a case such as this, where specific acts of negligence have been pleaded, and relied upon by the production of evidence in support thereof."

As the instruction was in appellant's favor, and as this court affirmed the judgment, it was not necessary that this court decide whether or not the instruction would have constituted reversible error on an appeal by the defendant from an adverse verdict and judgment.

In the case of *Klein v. Beeten,* 169 Wis. 385, 172 N. W. 736, 5 A. L. R. 1237, in an action for damages on account of the death of plaintiff's son, who was killed in an automobile accident, the court affirmed a directed verdict in

favor of defendants. As in the case at bar, the automobile left the road at a place where the road was smooth and in good order. When the car was righted, after the accident, the left front tire was found to be deflated, by reason of a blowout of the inner tube. The court held that the burden rested upon the plaintiff affirmatively to prove negligence, and that:

"While the inferences allowed by the rule or doctrine of *res ipsa loquitur* constitute such proof, it is only where the circumstances leave no room for a different presumption that the maxim applies. When it is shown that the accident might have happened as the result of one of two causes, the reason for the rule fails and it cannot be invoked. *Quass v. Milwaukee G. L. [Gaslight] Co.,* 168 Wis. 575, 170 N. W. 942."

In Prosser on Torts (1941 ed.) 172, § 29, entitled "UN-AVOIDABLE ACCIDENT," the chapter heading reads as follows:

"An unavoidable accident is an unintended occurrence which could not have been prevented by the exercise of reasonable care. In general, under modern law there is no liability for unavoidable accident."

The author refers to the case of *Brown v. Kendall,* 6 Cush. (60 Mass.) 292, in which the Massachusetts court held that, in the absence of wrongful intent or negligence, the defendant, who interfered in a dog fight, raising his stick and accidentally striking a man behind him, was not liable for damages. Continuing (referring to the *Brown* case), the text lays down the rule as follows:

"This case is now uniformly followed. The man who fires a gun, the automobile driver whose tire blows out . . . are responsible for the damage done only if they have been at fault; and by the great weight of authority, the burden of proof of such fault is upon the plaintiff."

In the case of *Moore v. Roddie,* 103 Wash. 386, 174 Pac. 648, this court, in an opinion signed by three judges, referred to the fact that an automobile "is a dangerous instrumentality." Upon rehearing of the case, before the court sitting *En Banc, Moore v. Roddie,* 106 Wash. 548, 180 Pac. 879, the court, while adhering to the original decision, *supra,* said:

"The court, however, desires to modify the broad and unqualified statement in the original opinion that 'an automobile is a dangerous instrumentality.' A part of the opinion was unintentionally omitted; the writer intended to say:

" 'An automobile is a dangerous instrumentality when driven upon the highways in a careless and negligent manner; at least, more so than a horse-drawn vehicle'; followed by the statement as to an owner intrusting it to or leaving it with another, and the quotation from *Knust v. Bullock*, 59 Wash. 141, 109 Pac. 329, as to a horse-drawn vehicle.

"We are not now disposed to adopt the daring innovation, as a legal principle, that an automobile is, *per se*, a 'dangerous instrumentality.' "

■ It is generally recognized that an automobile is not a dangerous agency, within the rule that one engaged

" . . . in an activity which involves a high degree of risk of harm to others in spite of all reasonable care, is strictly liable for the harm which it causes." Prosser on Torts (1941 ed.) 446, § 59.

■ There is no place for the application of the doctrine of *res ipsa loquitur* in the case at bar. The application of the doctrine to any such case is very doubtful (*Osborne v. Charbneau, supra*), and certainly the doctrine should not be applied here.

■ Both parties introduced their evidence, and the cause was submitted to the court for decision. The court's findings are supported by the evidence, and the judgment appealed from is affirmed.

DRIVER, C. J., BLAKE, ROBINSON, and JEFFERS, JJ., concur.