[No. 35721. Department Two. August 3, 1961.]

THOMAS WILLIAM OWENS, *Individually, and as Guardian of Michael Thomas Owens, a Minor, Appellant,* v. DICK N. ANDERSON *et al., Respondents.**

*Reported in 364 P. (2d) 14.

*Holman, Mickelwait, Marion, Black & Perkins, J. Paul Coie,* and *H. Weston Foss,* for appellant.

*Jack E. Hullin* (of *Hullin, Ehrlichman, Carroll & Roberts*), for respondents.

OTT, J.—Dick N. Anderson and his wife leased their Beaver Lake resort grounds and facilities to the Pacific National Club for a private party. As a convenience for those using the lake for swimming purposes, a standard diving board and platform had been built out into the deep water. Portions of the lake bottom were planked parallel to the shore line in the shallow water to cover the mud bottom of the lake, so that those wading in the water walked on the planking rather than in mud.

Michael Thomas Owens, aged sixteen, a member of the club and a good swimmer, made a surface dive into the water a few feet from shore. When he came to the surface, the top of his head was bleeding, and he was paralyzed from the shoulders down.

This action to recover for Michael's injuries and medical expenses was commenced against the owners. The complaint alleged that the planking on the lake bottom constituted a dangerous condition, and that the owners were negligent in failing to give notice of it. The defendants' answer denied negligence, and affirmatively pleaded that Michael was guilty of contributory negligence.

The jury returned a verdict for the defendants. From the judgment of dismissal, the plaintiff has appealed.

Appellant assigns error to the admission into evidence of six photographs of the swimming area, offered by respondents, and to the rejection of one photograph (exhibit

No. 5) offered by appellant which allegedly depicted the construction of the planking, and the slope of the lake bottom. The appellant contends that respondents' exhibits were not properly identified, and that they did not represent the condition of the swimming area as it existed at the time of the accident.

 The exhibits were identified by the photographer who took them, and the conditions present at the time were fully explained. The evidence discloses that some slight differences did exist between views portrayed by the exhibits and the swimming area as it existed at the time of the accident. Such differences affect only the weight and not the admissibility of the evidence. *State v. Little*, 57 Wn. (2d) 516, 358 P. (2d) 120 (1961). The rule governing the admission of photographs into evidence is stated in *Quayle v. Knox*, 175 Wash. 182, 185, 27 P. (2d) 115 (1933), as follows:

"Whether a photograph is sufficiently identified as a proper representation is a preliminary question to be determined by the trial judge, and the determination of that question lies largely within his discretion; his ruling thereon will not be disturbed except for abuse of discretion. [Citing cases.] . . ."

Applying the rule to the admission of the exhibits in evidence, the court did not abuse its discretion in so ruling. Appellant's exhibit No. 5 was not identified, and the court did not err in rejecting it.

 Exhibit No. 20 was a poster furnished by the Red Cross, which Mr. Anderson stated was identical to posters situated at four various conspicuous places in the resort area. The exhibit contained several admonitions to swimmers, one of which was, "Before diving make sure the water is deep enough and has no hidden objects." The appellant contends that the exhibit was not sufficiently identified, and that it was not relevant or material to any of the issues.

Lack of notice and precaution to swimmers was the essence of appellant's claim of negligence. The relevancy of an exhibit to the issues as joined by the pleadings is a

determination within the discretion of the trial court. *Chase v. Beard*, 55 Wn. (2d) 58, 346 P. (2d) 315 (1959). Exhibit No. 20 was relevant in establishing the degree of care exercised by the respondents in the maintenance of their resort, and, if the notice was observed or should have been observed by patrons of the swimming facilities, it was also relevant to the issue of contributory negligence. The court did not err in admitting exhibit No. 20 in evidence.

Appellant's fourth and fifth assignments of error are directed to instructions Nos. 5, 6, 9, 13, and 16, and to the refusal of appellant's requested instruction No. 8.

■ Appellant asserts here a different ground of error for instructions Nos. 5 and 13 than that urged in the trial court. We do not review a challenged instruction, when the ground of error is urged for the first time on appeal. *Patterson v. Krogh*, 51 Wn. (2d) 73, 316 P. (2d) 103 (1957), and case cited; *State v. Cogswell*, 54 Wn. (2d) 240, 339 P. (2d) 465 (1959).

Instruction No. 6 provided in part:

"The defendants owed to invitees, including Michael Owens, the duty of exercising ordinary care to make the resort swimming area reasonably safe for the use of such invitees *who are themselves in the exercise of reasonable and ordinary care, . . .*" (Italics ours.)

Appellant argues that, under this instruction, the jury could find that, if an invitee failed to exercise reasonable care for his own safety in any respect, the resort owner would owe no duty of care to the invitee. The court's instructions relating to this issue were as follows:

Instruction No. 7: "You are instructed that the defendants are charged with knowledge of any dangerous condition that a reasonable inspection would have revealed, because their duty to keep their premises in a reasonably safe condition for use includes a duty to inspect.

"There is no such obligation on the invitee. While he may not close his eyes to obvious dangers, he has a right to assume that the premises are safe for the use to which the owner should reasonably expect them to be put."

Instruction No. 8: "The defendants knew of the planks in the swimming area and gave no warning to invitees, including Michael Owens, of the existence of the planks. If you find from the evidence and from these instructions that the boards in the swimming area created an artificial obstruction which was a dangerous condition and which created an unreasonable risk to one using the area in a reasonable manner, then the defendants were negligent as a matter of law; and if you find that such negligence was the proximate cause of the minor's injuries, your verdict should be for the plaintiff if said minor was using the premises in a reasonable manner."

Instruction No. 8A: "In connection with the allegation of defendants that the minor was contributorily negligent by diving in shallow water, you are instructed that the risk of so diving, when such depth is known or should have been known by the minor, is that he will strike the bottom or objects which he should reasonably expect to be located thereon or therein. This risk of diving or plunging into shallow water is not, however, that the minor will strike a man-made obstruction below the water's surface and rising in any marked or unreasonable degree above the lake bed unless the minor knew or should have known of the existence of such obstruction."

Instruction No. 10: "In determining whether defendants were negligent, and whether such negligence, if any, was the proximate cause of Michael's injuries, you need not decide whether the defendants could foresee the precise manner in which the injuries were sustained. You must determine instead whether the actual harm fell within a general field of danger which the defendants should have anticipated and for which they are responsible in accordance with these instructions and the evidence in the case. The exact manner in which the injuries occurred may be unusual, improbable and highly unforeseeable from the defendants' view at the time and yet constitute negligence on their part if the artificial obstruction created a general danger area."

Instructions must be considered as a whole. *Sauls v. Scheppler*, 57 Wn. (2d) 273, 356 P. (2d) 714 (1960), and cases cited. The court made it clear that the respondents' duty of care to an invitee was absolute, and not conditioned upon the invitee's exercise of ordinary and reasonable

care. Assuming, *arguendo*, that the questioned instruction is subject to appellant's interpretation of its meaning, the jury, in considering all of the instructions, could not have been misled by it. What we said in *Patterson v. Krogh, supra*, at p. 79, is applicable here:

"The presumption of prejudice which arises out of the giving of an erroneous instruction [citing cases], may be overcome if the record, including all other instructions, when taken as a whole reveals that the jury could not have been misled or confused by it. [Citing cases.]"

We find no prejudicial error in instruction No. 6.

Instruction No. 9 provided:

"You are instructed that a resort owner in the exercise of reasonable care, is not obliged to post depth signs in the vicinity of shore or extending from shore out into deeper water."

■ Appellant's exception to this instruction is that it was not within the pleadings and the proof and, therefore, constituted prejudicial error. Prejudicial error is not committed simply because an instruction is given which is not within the pleadings and the proof. In *Calkins v. Department of Labor & Industries*, 10 Wn. (2d) 565, 570, 117 P. (2d) 640 (1941), we said:

". . . It has a number of times been held by this court that the statement, in the instructions to the jury, of general principles which are not supported by the evidence is not prejudicial, unless an issue is submitted to the jury upon which there is no evidence. [Citing cases.]"

This instruction submitted no issue to the jury, nor was it excepted to as an improper statement of the law. Therefore, the court did not commit reversible error in giving instruction No. 9.

The court summarized, in instruction No. 16, the issues and outlined a procedure for the jury to follow in its determination of the issues as presented by the pleadings and the proof. The appellant contends that instruction No. 16 was complex, difficult to follow, and that, in lieu of it, the trial court should have given appellant's requested instruction No. 8.

The procedural steps outlined in the instruction do not appear to be either complex or difficult to understand. When the instruction given contains the substance of the refused instruction, there is no error. *Short v. Hoge, ante* p. 50, 360 P. (2d) 565 (1961), and cases cited therein.

Appellant's last assignment of error is that there is no substantial evidence to support the verdict. The record does not sustain this assignment of error.

The judgment is affirmed.

FINLEY, C. J., HILL, DONWORTH, and HUNTER, JJ., concur.

*Reported in 364 P. (2d) 10.