[No. 37091. Department One. September 3, 1964.]

JOSEPH E. McBROOM, *Respondent*, v. CECIL R. ORNER *et al., Appellants.**

*O'Leary, Meyer & O'Leary* and *Foster & Foster*, for appellants.

*Lynch & Lynch* and *Murray, Armstrong & Vander Stoep*, for respondent.

HILL, J.—The judgment for the plaintiff in this case must be reversed, and this cause remanded for a new trial—

*Reported in 395 P. (2d) 95.

several jurors having gone on an exploratory investigation of an automobile-collision site and reported their findings to the other members of the jury. Their findings, in part, were contrary to the testimony of the defendant's key witness; and, the jurors' investigation being unknown to the defendant, he had no opportunity to rehabilitate his witness or to explain what, to the jurors, must have seemed untrue statements.

■ Not every unauthorized view of the scene of an accident will justify the granting of a new trial, but here it seems that the defendant was clearly prejudiced and denied a fair trial. The unauthorized investigation, by at least three jurors, in the language of *Woodruff v. Ewald* (1923), 127 Wash. 61, 63, 219 Pac. 851,

" . . . was made manifestly for the purpose of gaining more exact knowledge of the physical surroundings of the scene of the accident, . . ."

and that, being without the knowledge of the parties or counsel, it deprived

" . . . them of all opportunity to meet or counteract in any manner, either by argument, explanatory evidence or requested cautionary instructions, any impressions which the physical surroundings of the scene of the accident at the time of the jury's visit might have erroneously suggested."

Since a new trial must be granted (and this, of course, involves a new trial on the defendant's cross complaint as well as the complaint of the plaintiff), we will consider the other claimed trial errors.

■ We agree with the defendant-appellant that the three lay witnesses who did not see the collision could, and should, have described everything they saw when they arrived on the scene: the location of the cars, the location of any debris, the condition of the roadway, and the like, without expressing an opinion as to where on the roadway the collision occurred. The injection of a request for their opinion, on that point, was improper; and the objection should, in each instance, have been sustained. See Rule 401 (1) (b) American Law Institute's Model Code of Evidence.

We find no basis for the objection to the testimony of the expert witness (30 years' experience in the repairing of automobiles) who, after seeing both cars involved in the collision and after examining pictures of both cars, testified as an expert only as to the direction of force exerted by each vehicle on the other. He made no attempt to testify as to where the collision occurred or who was to blame, and stayed entirely within the field of his expertise.

The defendant-appellant assigned error to a failure to give an instruction based on the first paragraph of RCW 46.56.010. The requested instruction was:

"You are instructed that it is the law of this state that it is unlawful for any person who is under the influence of or affected by the use of intoxicating liquor or of any narcotic drug to drive or be in actual physical control of any vehicle upon the public highways."

*Burget v. Saginaw Logging Co.* (1938), 197 Wash. 318, 85 P. (2d) 271, cited as authority for the instruction, says that it is proper to give such an instruction, where the instruction states, in substance, that a violation of the statute is negligence in itself.

The requested instruction should not have included the reference to narcotics. The reason for this instruction is not made apparent by any explanatory statement relative to its violation constituting negligence. The failure to give it, in its present form, if it was error, was harmless.

The defendant-appellant also assigned error to the trial court's failure to instruct the jury concerning the presumption which attached to the chemical analysis of the plaintiff-respondent's blood, relative to whether he was or was not under the influence of intoxicating liquor. RCW 46.56-.010. By that statute, the presumptions are made applicable "In any criminal prosecution for a violation of the provisions of this section. . . . " The trial court concluded that they had no applicability in a civil case. The defendant, as appellant, cites no authority in support of this assignment of error, and we are unwilling to research it for him, and decline to pass upon the question presented.

For the reasons indicated in the opening paragraphs of this opinion, the judgment for the plaintiff is reversed and the cause remanded for a new trial on the plaintiff's complaint and the defendant's cross complaint.

OTT, C. J., ROSELLINI, HUNTER, and HALE, JJ., concur.

October 23, 1964. Petition for rehearing denied.