[No. 896-2. Division Two. July 10, 1974.]

THE STURGIS COMPANY, *Appellant,* v. H. D. BAKER COMPANY, *Respondent,* THE GENERAL FIREPROOFING COMPANY, *Appellant.*

*Ronald A. Roberts* and *Eisenhower, Carlson, Newlands, Reha, Elliott & Henriot,* for appellant.

*Leonard W. Moen* and *Mann, Copeland, King, Anderson, Bingham & Scraggin,* for respondent.

ARMSTRONG, J.—This action was commenced by the Sturgis Company, a manufacturer of business equipment,

against the H. D. Baker Company, the successful bidder on a contract to supply Sturgis office furniture to the State of Washington. Sturgis sought to enforce collection of a past-due open account in the amount of $37,865.77. Baker responded with a counterclaim against Sturgis, and its parent corporation, the General Fireproofing Company, alleging that Baker's contract to supply furniture to the State had been suspended because of defective goods manufactured by Sturgis and General Fireproofing. By stipulation, Baker subsequently admitted the amount due Sturgis on the open account. The trial court entered judgment in favor of Baker in the amount of $39,000 for lost profits occasioned by the contract suspension, and set off the admittedly due account balance of $37,865.77. The trial court denied Baker additional relief in the amount of $6,657.69, allegedly representing the amount of a claim the State of Washington was asserting against Baker because the State had been required to purchase substitute furniture at a higher price following the contract suspension.

Resolution of the ten assignments of error in this case requires a determination of three major issues. The first is whether there was sufficient, properly admitted evidence to support the judgment and award of damages to Baker. We hold that the trial court did not err in entering the judgment and awarding damages. The second issue is whether Baker should have been precluded from recovering lost profits or consequential damages as a matter of law, on the theory that Baker's "contributory negligence" was a cause of the State's suspension of the contract. We hold that this issue was settled by the trial court's specific finding of fact that the contract was terminated because of the inferior quality of the goods shipped by Sturgis and General Fireproofing, and not because of any alleged negligence on the part of Baker. The third major issue is raised by Baker's cross-appeal contending that the trial court should have awarded additional damages in the amount of a claim as-

serted against Baker by the State. We hold that the trial court properly denied additional relief for this item of alleged consequential damages.

█ Sturgis and General Fireproofing first challenge the judgment and award of damages on the ground that the evidence was not sufficient to support the trial court's conclusion that the manufacturers breached an implied warranty of merchantability. This is purely a factual contention, and once again we must cite the frequently cited rule that findings of fact of the trial court will not be disturbed on appeal if substantial evidence is present in the record to support the findings. *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 343 P.2d 183 (1959).

We do not deem it necessary to review in detail the sufficiency of the evidence contained in the 1,200-page statement of facts in this case. It should suffice to simply point out that the record is replete with evidence to the effect that shortly after the first carload of furniture ordered by Baker from Sturgis and General Fireproofing was delivered to the appropriate state agencies, Baker began receiving numerous complaints concerning poor fabrication and manufacturing defects. The defects included poorly sewn fabrics with untrimmed welts, metal chairs with defective welds, chairs with unsightly chrome surfaces, rough chair bases that snagged nylon stockings, improperly fabricated desks and bookcases, and chairs with sagging cushions. Contrary to the assertion of Sturgis and General Fireproofing that Baker did not notify them of the breach of warranty within a reasonable time pursuant to RCW 62A.2-607,[1] the parties began exchanging invoices for replacement of various defectively manufactured parts and equipment soon after the shipments were received. Upon our review of the record we are satisfied that sufficient

---

[1] RCW 62A.2-607 provides, in part, as follows:

"(3) Where a tender has been accepted

"(a) the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy; . . ."

evidence was adduced to support the trial court's determination that a warranty of merchantability was breached.

Sturgis and General Fireproofing next challenge the judgment and award of damages on the ground that various testimony and exhibits were improperly admitted. Error is assigned to the allowance of testimony regarding certain business records, and to the admission of the records as exhibits. The objection is that the evidence was not disclosed in response to interrogatories seeking to discover and evaluate Baker's evidence as to lost profits. The evidence in question pertained to purchases of office furniture the State made with another supplier after the contract with Baker was suspended. Although the witness was not specifically named, as Baker contends it did not have knowledge at the time of which person was responsible for keeping the business records, Baker's supplemental response to the interrogatories clearly put Sturgis and General Fireproofing on notice regarding the existence and general nature of the evidence. In addition, they were offered a continuance to study the evidence by the trial court and the offer was not accepted. We find no showing of error here.

 Sturgis and General Fireproofing contest the admission of 18 exhibits as business records pursuant to RCW 5.45.020.[2] Their contention is that the records contained improper opinion and hearsay statements, inadmissible pursuant to *Young v. Liddington,* 50 Wn.2d 78, 309 P.2d 761 (1957). The records in question, mostly business letters and invoices, were of three types. All three were clearly admissible to show that (1) complaints were received from state agencies by Baker, (2) complaints were communicated

___

[2]RCW 5.45.020 provides:

"Business records as evidence. A record of an act, condition or event, shall in so far as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission."

from Baker to Sturgis and General Fireproofing, and (3) replacement parts were sent by Sturgis and General Fireproofing. It is true that some of the records contained inadmissible statements. However, this case was tried to the court sitting without a jury. The record reflects that at the time of each objection to reception of the evidence, the trial court was well aware of the inadmissible aspects, and repeatedly stated that as trier of fact the court would not consider the inadmissible portions. There is no showing here that the trial court, obviously knowledgeable of the rules of evidence, considered matters which were inadmissible when entering findings of fact. The trial court did not err. *See State v. Bell,* 59 Wn.2d 338, 364, 368 P.2d 177 (1962); *State v. White,* 72 Wn.2d 524, 530, 433 P.2d 682 (1967).

The next evidentiary challenge to the judgment and award of damages concerns the objection of Sturgis and General Fireproofing to the reception of opinion testimony as to the value of sales lost by Baker due to the contract suspension. The witness in question was the supervisor of the Division of Purchasing within the Department of General Administration for the State of Washington. He was permitted to testify that in his opinion the contract in question would have involved purchases by the State of at least a million dollars in value, and that the contract might have gone over a million dollars because of large purchases contemplated for the University of Washington and Washington State University. Sturgis and General Fireproofing argue that the trial court erred by not excluding this testimony as speculative and conjectural. We disagree. It is well established that the trial court has discretion as to whether or not to admit opinion evidence. *Church v. West,* 75 Wn.2d 502, 508, 452 P.2d 265 (1969). Here the witness, by reason of his special knowledge and experience as a purchasing supervisor, was obviously qualified to express an opinion as to the amount of purchases the State was expected to make under this particular contract. The trial court did not abuse its discretion in admitting this testimony.

Sturgis and General Fireproofing's final evidentiary challenge to the judgment and award of damages is the contention that Baker's recovery for lost profits was not proper because the amount of lost profit was not proven with a reasonable degree of certainty and exactness. *National School Studios, Inc. v. Superior School Photo Serv., Inc.,* 40 Wn.2d 263, 276, 242 P.2d 756 (1952). This contention is not well founded. As reflected in the trial court's oral ruling, the court most diligently and carefully examined and considered the evidence in determining that Baker lost $39,000 in profits because of the contract suspension. The court based its determination on sales made during the first quarter of the contract prior to its suspension, as well as upon testimony as to the amount of purchases the State was expected to make from the Baker Company. The court specifically allowed for costs of performance saved when the contract was suspended, by declining to use Baker's net profit margin of 9.15 percent, and instead allowing Baker a margin of 6 percent of the expected sales as a measure of its loss.

█▌ Our review of the record convinces us that the amount of damages in this case was established with a very high degree of certainty and exactness, and that the trial court's determination that Baker suffered lost profits of $39,000 was reasonable. *See Jacqueline's Wash., Inc. v. Mercantile Stores Co.,* 80 Wn.2d 784, 498 P.2d 870 (1972); *Wenzler & Ward Plumbing & Heating Co. v. Sellen,* 53 Wn.2d 96, 330 P.2d 1068 (1958). The trial court allowed Sturgis and Baker to set off the amount of the admittedly due account balance of $37,865.77. Interest on the account balance was properly disallowed by the trial court, because Sturgis and General Fireproofing were entitled to interest only if there was a balance remaining after their liquidated claim was reduced by the amount of Baker's counterclaim for defective performance of the contract. *Mall Tool Co. v. Far West Equip. Co.,* 45 Wn.2d 158, 177, 273 P.2d 652 (1954). We find no error in the award of damages.

In addition to challenging the judgment and award of

damages from an evidentiary standpoint, Sturgis and General Fireproofing contend that Baker is precluded as a matter of law from recovering any consequential damages at all, because of "contributory negligence." In support of this contention they cite *Nelson v. Anderson*, 245 Minn. 445, 72 N.W.2d 861, 865 (1955), which held that despite cases to the contrary, in an action based on a breach of implied warranty, "contributory negligence" of the buyer is a good defense insofar as a right to recover consequential damages is concerned. In the instant case, the contributory negligence argument is based upon the contention that the State suspended the furniture contract because Baker failed to properly deliver, inspect, install and service the furniture. It is unnecessary for us to discuss the issue of law, which involves the interrelationships between the law of torts and the law of contracts, because the trial court specifically found as a fact, based upon substantial evidence, that the state contract was suspended because of the inferior workmanship or breach of warranty of the manufacturers, and not because of negligence on the part of Baker as alleged throughout the trial by Sturgis and General Fireproofing. Since the record before us does not support the contention that Baker performed negligently, we need not address the question of the effect of a buyer's negligence upon an action for breach of an implied warranty.

The final issue to be resolved in this case is whether the trial court should have awarded Baker an additional $6,657.69 as consequential damages. In support of this claim Baker relies solely upon a letter from the State of Washington, admitted without objection, indicating that the State was willing to accept $6,657.69, plus approximately $200 for incidental expenses, in full satisfaction of the State's claims against Baker, allegedly caused by the State's necessity of having to purchase substitute furniture at a higher price than what had been specified in the suspended contract.

Baker contends that when a seller sells goods with a warranty, knowing that the buyer will resell with the same

warranty, the buyer may recover consequential damages from the seller for the liability that the buyer will sustain to his purchasers. Baker further contends that it is immaterial that the buyer has not yet been sued by his purchasers. According to Baker the applicable rule of law here is set forth in 3 S. Williston, *Sales of Goods* § 614a, at 377 (rev. ed. 1948):

And even though the original buyer has not yet been held liable to the sub-vendee, the amount of his *probable liability* may be recovered from the original seller.

(Italics ours. Footnote omitted.) *See also* 2 R. Anderson, *Uniform Commercial Code* § 2-715: 27, at 480 (2d ed. 1971); 11 S. Williston, *Contracts* § 1355, at 285 (3d ed. 1968).

 Even if we assume arguendo that Baker's contention is predicated upon a correct statement of the law, we nevertheless are of the opinion that the trial court's determination to disallow this item of damages must be affirmed. Baker does not contend otherwise than that only a buyer's *probable liability* to the subvendee may be recovered from the original seller. Here the only evidence in the record regarding this disallowed item of damages is the letter from the State offering to settle a disputed claim. Upon this slender evidence it was entirely proper for the trial court to conclude that this item of damages had not been proven with reasonable certainty. We know of no rule of law that would allow the buyer to recover for an alleged item of damage where the fact of damage, as opposed to the amount or quantum, is speculative and conjectural. *Wenzler & Ward Plumbing & Heating Co. v. Sellen, supra.* Accordingly, we hold that the trial court did not abuse its discretion in denying recovery for this element of damages and leaving the matter to be settled at a later time through the laws of indemnity.

Affirmed.

PEARSON, C.J., and PETRIE, J., concur.