[No. 24535. Department Two. September 19, 1933.]

ELLA A. FLAGG, as *Administratrix, Appellant,* v. ALBERT E. VANDER YACHT *et al., Respondents.*[1]

*Bixby & Neal,* for appellant.

*Sather & Livesey,* for respondent.

[1]Reported in 24 P. (2d) 1063.

BEALS, C. J.—The late Levi Flagg and plaintiff, Ella A. Flagg, were for many years prior to December 24, 1931, husband and wife, and on the date mentioned were residing about three miles southeast of Wiser lake in Whatcom county. An east and west road passed their home, being straight and level for a mile and a half each way. This road was graveled to the width of sixteen feet, one worn vehicle track occupying approximately the center of the graveled portion of the roadway. The two wheel ways were packed hard, the crown between being of soft gravel. Approximately three hundred fifty feet east of the Flagg homestead, the road crossed a narrow, though deep, ditch, four feet in width, the bridge or culvert being composed of puncheons twenty-four feet long, sixteen feet of which being covered with gravel to correspond with the roadway.

Defendants Vander Yacht had for some time resided in the vicinity, and on the morning of the day in question, Mrs. Vander Yacht, having taken her husband in the family car to a fishing place on the Nooksack river, was proceeding upon her return journey. The morning was cold and somewhat windy. At about eight-thirty o'clock, Mrs. Vander Yacht, driving east, approached the house occupied by Mr. and Mrs. Flagg. The weather was perfectly clear, and a person walking along the read could easily be seen at the distance of a quarter of a mile. A few minutes before Mrs. Vander Yacht approached the culvert, Mr. Flagg, wearing a knitted cap pulled over his ears, with a shovel on his shoulder, had started east upon the road toward the culvert above referred to, intending to bury his dog, which had died the day before.

Mrs. Vander Yacht testified that she first saw Mr. Flagg when the automobile which she was driving was near the gate to the Flagg home. He was then a con-

siderable distance ahead of her. The automobile over-
took Mr. Flagg, struck him, picked him up, carried
him several feet, left the road, and, coming to a sudden
stop, threw Mr. Flagg something over twenty feet
further. Mr. Flagg was instantly killed as the result
of the collision.

Plaintiff instituted this action for the purpose of
recovering damages suffered by her because of the
death of her husband, claiming that Mrs. Vander Yacht
had been negligent in the operation of her automobile
and that Mr. Flagg's death was the result of her neg-
ligence. Defendants answered, denying negligence and
pleading affirmatively contributory negligence on the
part of Mr. Flagg, which plaintiff denied in her reply.
The action was tried to a jury, which returned a ver-
dict in favor of defendants, and from a judgment of
dismissal entered upon this verdict, plaintiff appeals.

Mrs. Vander Yacht was the only eyewitness to the
accident. She testified that she saw the deceased a
long distance ahead of her, walking along the right
hand wheel track of the road; that she mistook Mr.
Flagg for a neighbor of hers, a Mr. Rudy, and that,
as she approached him, she sounded her horn and
slowed down, intending to invite him to ride with her;
that, as she approached the pedestrian, she noticed
that he was not Mr. Rudy, and that, intending to pass
him on his left, she pulled over to her left, leaving the
hard wheel tracks and reducing the speed of her car.
She testified that she sounded her horn several times,
but that Mr. Flagg gave no evidence of having heard
her signal, nor did he do anything which indicated that
he was aware of her approach or that he intended to
change his relative position on the highway.

Respondent further testified that, as she approached
Mr. Flagg and sounded her horn, he suddenly and
without warning moved toward his right, and then im-

mediately changed and moved to his left directly in front of the automobile, with the result that he was struck by the car as above stated.

Testimony was introduced on behalf of appellant to the effect that Mr. Flagg, at a point about fifteen feet west of the culvert, left the right-hand beaten wheel track and stepped to his left to the graveled portion of the road between the tracks, upon which he walked until he was struck by the automobile at a point near the center of the culvert. The record contains evidence to the effect that the car struck Mr. Flagg with considerable violence, and the jury might have concluded that the automobile was, in fact, traveling at a greater rate of speed than that testified to by its driver.

Appellant assigns error upon the giving of certain instructions, upon the refusal of the court to instruct the jury as to the application to the situation presented to them for consideration of the doctrine of last clear chance, upon the refusal of the court to give other instructions requested by appellant, upon rulings of the trial court sustaining objections to testimony offered on behalf of appellant, upon the order of the trial court denying appellant's motion for a new trial, and upon the entry of judgment of dismissal.

In the first place, we shall discuss the questions presented by the refusal of the trial court to instruct the jury upon the doctrine of last clear chance. In the case of *Leftridge v. Seattle,* 130 Wash. 541, 228 Pac. 302, this court discussed its prior decisions concerning the doctrine of last clear chance, with particular reference to the two distinct conditions under which the same may be applicable, as set forth in the opinion in the case of *Mosso v. Stanton Co.,* 75 Wash. 220, 134 Pac. 941, L. R. A. 1916A, 943.

The first of these conditions arises when the person sought to be charged with liability for damage actually

saw the peril of a traveler on the highway and should have appreciated the danger, and in spite of such a situation, failed to exercise reasonable care to avoid inflicting injury. In such a case, a defendant may be liable although the plaintiff was guilty of negligence, and such negligence may have continued up to the instant of the injury.

The second condition is presented by cases wherein the person sought to be charged did not actually see the peril of the plaintiff, but in law must be charged with knowledge and understanding thereof. With this branch of the doctrine we are not here concerned, as Mrs. Vander Yacht testified that she saw Mr. Flagg and observed him up to the instant of the collision; her contention being that he moved in front of her car so quickly that she had no opportunity to avoid striking him.

It seems clear from the testimony that Mr. Flagg was walking on his right-hand side of the road, thereby violating that section of the statute (Rem. Rev. Stat., § 6362-41, subdiv. 6) which requires pedestrians on highways to travel on and along the left side thereof. On this theory of the case, Mr. Flagg was guilty of negligence, but his negligence never terminated nor culminated in a situation of peril from which he could not by the exercise of reasonable care extricate himself. On the other hand, his negligence continued up to the instant of the injury.

Under these circumstances, the first branch of the doctrine of last clear chance applies, and the trial court erred in refusing to instruct the jury accordingly.

The opinion of this court in the case of *Zettler v. Seattle,* 153 Wash. 179, 279 Pac. 570, is in point as to the nonapplicability of the one branch of the doctrine and the applicability of the other. The case of *Settles*

*v. Johnson,* 162 Wash. 466, 298 Pac. 690, is also instructive upon this question.

Respondent herein was driving her car along a straight, level road. She testified that she could see a pedestrian for a distance of a quarter of a mile ahead of her, and that she did see Mr. Flagg for a considerable distance. She was familiar with the road, its two hard, smooth wheel ways and its sixteen feet or thereabouts of gravel. She testified that she sounded her horn repeatedly, and that Mr. Flagg gave no evidence that he heard it or that he was aware of her approach.

Assuming, for the purposes of argument upon this phase of the case, that Mr. Flagg was himself guilty of contributory negligence, there was presented for determination by the jury the question of whether or not the driver of the automobile, under that branch of the doctrine of last clear chance above referred to, in doing what from the evidence the jury might have found she did, with resulting injury to Mr. Flagg, was responsible for the injuries which he received.

The trial court instructed the jury as follows:

"You are instructed that, even though you may believe from the evidence that the defendant, Alma Vander Yacht, drove her automobile at the time and place in question at a rate of speed faster than that permitted by law, nevertheless, such excessive rate of speed on her part would not justify a verdict for the plaintiff unless you further believe from the evidence that the speed of the automobile was the direct and proximate cause of the injuries and the death of said L. (Jack) Flagg, if any such occurred."

Appellant complains of this instruction because the jury were thereby told that they could not find for the plaintiff (appellant) under the circumstances outlined in the instruction, unless they believed from the evidence that the speed of the automobile was "the"

direct and proximate cause of the injuries to and death of Mr. Flagg. The use of "the" was improper. The instruction would have been correct had the article *a* been used in place of *the*. We call attention to this possibly inadvertent error in view of the fact that, in any event, the judgment must be reversed and the cause remanded for a new trial.

Discussion of the other instructions of which appellant complains, and of her assignments of error based upon the refusal of the trial court to give instructions which she requested, is unnecessary, because, upon any retrial of the action, the instructions must be recast to conform to the opinion herein expressed.

It is improbable that the questions presented in connection with the refusal of the trial court to receive evidence offered by appellant on rebuttal will arise upon a retrial of the action, and we deem discussion of these matters unnecessary.

Because of the failure of the trial court to instruct the jury on the doctrine of last clear chance as hereinabove set forth, the judgment appealed from is reversed, with instructions to the trial court to grant a new trial.

TOLMAN, STEINERT, MAIN, and BLAKE, JJ., concur.