[No. 31196. Department Two. October 4, 1950.]

LEE LOGSDON, *Respondent*, v. CARL H. TRUNK, *Appellant*.[1]

*Chas. W. Gillespie*, for appellant.

*Richard S. Munter*, for respondent.

ROBINSON, J.—This is an appeal from a judgment entered against a defendant in an action, tried in the superior court of Spokane county by a judge thereof, sitting without a jury. The action was based upon an alleged contract for the purchase and sale of a meat saw.

[1] Reported in 222 P. (2d) 851.

In 1946, the plaintiff, Logsdon, was operating a meat market known as the Buffalo Market. In his complaint, he alleged that, on May 22nd, he purchased a new meat saw from defendant, Trunk, which defendant agreed to deliver to him within thirty days from the date of purchase, and that he, on the date of the transaction, paid the defendant three hundred twenty-five dollars in full payment of the purchase price. He further alleged that defendant had never delivered the saw so purchased and paid for by him or returned any part of the purchase price, and prayed for judgment against defendant for three hundred twenty-five dollars and interest thereon from May 22, 1946. That prayer was granted, and defendant appeals from the judgment entered.

In paragraph one of his answer, defendant denied all of the allegations of the complaint, "save and except as hereinafter admitted," and set up an affirmative defense which may be condensed as follows:

That, about three months prior to May 22, 1946, defendant had sold to Bryce Koontz a new saw, of the brand and kind the plaintiff desired to buy;

That Koontz had never taken the saw out of the packing case;

That, a few days before May 22, 1946, Koontz, who had not paid the full purchase price of the saw, made an arrangement with the defendant to return it;

That the defendant gave the plaintiff an order in writing, directed to Koontz, to deliver the saw in his possession to plaintiff;

That the plaintiff went to the place of business of Koontz and, in accordance with the order, took immediate possession of the saw which was still unpacked in its original packing case.

In his reply to the defendant's affirmative defense, plaintiff specifically pleaded, as to each and all of defendant's allegations above stated:

"Plaintiff has no knowledge or information as to the same, and hence denies each and every allegation, matter and thing therein contained."

The defendant was not permitted by the trial judge to introduce evidence tending to support the allegations of his affirmative defense, and as to that, defendant, as appellant here, makes the following assignment of error:

"The Court erred in refusing to admit the testimony of the appellant's witness, Bryce Koontz, who delivered the saw; that the saw delivered was a new American meat saw; that it had never been used to cut meat or never been used at all for any purpose; and that it was in good condition."

The purpose of the affirmative defense was, of course, to establish that defendant had performed his contract by delivering a new meat saw within thirty days after the date of the transaction. In refusing to permit the defendant to prove by the witness, Koontz, that the saw he turned over to the plaintiff on defendant's order was a new saw that had never been unpacked, the court said:

"Wouldn't that be at variance with the writing itself?" And further said:

"I think to permit this testimony would be to change the contract agreement, which is in writing."

The only writing made at the time of sale was a sales slip given by defendant, Trunk, to the plaintiff, which, omitting only some advertising matter thereon, read as follows:

### "CARL H. TRUNK & CO.

Buffalo Mkt

| Quan. | Description | Price | Amount |
|-------|-------------|-------|--------|
| 1 | Saw | | $325.00 |
| | | Tax | 9.75 |
| | | | $334.75 |

Paid
Chk
This saw to be replaced with a new one before thirty days:
No. 02385"

This memorandum was admitted in evidence as plaintiff's exhibit No. 1. But the only writing made at the time of the sale, or introduced in evidence, was the sales slip, above quoted, given by defendant, Trunk, to the plaintiff. Clearly, that is no written contract, but a mere informal

memorandum of a purchase and sale of a saw. It will be noted that it does not even say what kind of a saw was bought and sold; nor does the plaintiff's name appear on it; nor is there anything thereon providing for or even suggesting the loan of a saw. We quote briefly from testimony given by plaintiff while under direct examination by his counsel:

"Q. Mr. Logsdon, in May, 1946, did you make a purchase of a saw from Carl H. Trunk? A. Yes. Q. Mr. Logsdon, I hand you what has been marked as Plaintiff's Exhibit No. 1 for Identification and ask you to state what that is (handing exhibit to the witness). A. That was a saw that he let me use until he got a new saw. Q. What is that paper, who wrote it out? A. Carl Trunk. Q. What saw did you purchase at that time from Mr. Trunk? A. He gave me a saw to use."

He further testified that, at the time, he gave the defendant a check for three hundred twenty-five dollars. This check is in the record as plaintiff's exhibit No. 2. He further testified as follows:

"Q. At the time that you gave him that check and he gave you that receipt and order there, did you receive any saw at that time? A. No. The saw was to be delivered at the market, the used one? Q. When was it delivered to you, do you know? A. I think it was on the following day, I believe. Q. That is, at your market in Hillyard? A. Yes. Q. That saw was delivered to you at the Buffalo Market on the following day? A. It was a used one that I was to use until the new one came in. He had no new ones in stock."

As hereinbefore stated, the trial court rejected considerable evidence tending to prove the appellant's affirmative defense. The court so ruled, on the theory that to receive it would violate the so-called parol evidence rule which is to the effect that parol or other extrinsic evidence is not admissible to add to, subtract from, vary, or contradict written instruments which are contractual in nature and which are valid, complete, unambiguous, and not affected by accident, fraud, or mistake.

However, the parol evidence rule is applicable only when the writing to be protected is a complete contract, and not a mere memorandum of a contract. In an opinion by

Mr. Justice Cardozo, written while he was chief justice of the court of appeals of New York, it is said, in *Mesibov, Glinert & Levy v. Cohen Bros. Mfg. Co.*, 245 N. Y. 305, 313, 157 N. E. 148:

"We do not overlook the difference in this connection between a contract in writing, and a note or memorandum of a contract. The one is subject to the parol evidence rule; the other may be shown by parol to be inaccurate or incomplete (Williston, *supra* [Sales], § 100; Benjamin on Sales [6th ed.], pp. 264, 267, and cases there cited; *Juilliard v. Trokie,* 139 App. Div. 530, 533; 203 N. Y. 604; *Mandel v. Guardian Holding Co., Inc.*, 200 App. Div. 767, 769, 770; 234 N. Y. 564)."

We quote the following from an opinion of the supreme court of Oregon:

"In order for a writing to be protected by the parol evidence rule, it must be the final repository of the agreement. There must be an integration of the entire agreement into the writing; a writing drawn up for some other purpose than a final and complete repository of the agreement is not the subject of the parol evidence rule: Wigmore on Evidence, §§ 2429, 2430; *Cook v. Darling,* 160 Mich. 475 (125 N. W. 411):

"Jones on the Construction of Contracts, Section 134, states:

"'The test of the completeness of the writing, proposed as a contract, is the writing itself. If this bears evidence of careful preparation of a deliberate regard for the many questions which would naturally arise out of the subject matter of the contract, and if it is reasonable to conclude from it that the parties have therein expressed their final intentions in regard to the matters within the scope of the writing, then it will be deemed a complete and unalterable exposition of such intentions. If, on the other hand, the writing shows its informality on its face, there will be no presumption that it contains all the terms of the contract. In every case, therefore, the writing must be critically examined in the light of its surrounding circumstances, with a view of determining whether it is a memorial of the transaction.'" *Bouchet v. Oregon Motor Car Co.*, 78 Ore. 230, 236, 152 Pac. 888.

The only writing introduced in evidence in the trial of the instant case as to the agreement between the parties

is plaintiff's exhibit No. 1, which, as we have hitherto pointed out, under the heading, "Description," describes the article, which is the subject matter of the contract, by the single word, "saw," nothing more. Furthermore, the respondent's name is not even found on exhibit No. 1; nor does it appear therein that the appellant was to furnish a used saw to the respondent, as respondent so many times testified. In short, the writing involved clearly shows informality on its face and, therefore, was not entitled to the protection of the parol evidence rule. The trial court erred in holding that it was, and because of that error made it impossible for the appellant to introduce a great deal of material evidence in support of his affirmative defense.

It is our opinion that appellant's assignment of error as to that point is well taken. Having come to that conclusion, we do not think it would serve any useful purpose to discuss the appellant's other assignments of error, some of which we are inclined to think are meritorious, but not sufficiently so as to warrant a dismissal of the action with prejudice, for which appellant prays in addition to praying for a reversal of the judgment.

The judgment from which this appeal was taken will be reversed and the cause remanded to the superior court of the state of Washington in and for Spokane county, with direction to set aside and cancel the judgment, and to take such further proceedings in the cause as may appear to it to be lawful and just, including granting another trial of the cause if the plaintiff moves therefor. It is so ordered.

SIMPSON, C. J., MALLERY, HILL, and HAMLEY, JJ., concur.