[No. 35632. Department One. April 6, 1961.]

BURLINGHAM-MEEKER COMPANY, *Appellant*, v. CLIFF THOMAS *et al.*, *Respondents.*[*]

[*]Reported in 360 P. (2d) 1033.

*Arthur H. Reed* and *John F. McCarthy,* for appellant.

*Atwell, Moore, Walstead & Hallowell,* for respondents.

Foster, J.—Appellant corporation, plaintiff below, appeals from a judgment on a verdict in favor of respondent,[1] defendant in the superior court. Appellant sued on a promissory note and upon an open account. Respondent cross-complained for damages because the dairy feeds sold him by appellant were adulterated.

Appellant sells feed and farm supplies, and the respondent is a dairyman. This appeal concerns solely the respondent's cross-complaint for damages for adulterated custom-mixed dairy feed. The judgment is for $16,078.25, the amount of the verdict.

Shortly before the trial, in response to discovery devices, appellant disclosed that it had sold respondent something more than two hundred fifty tons of dairy feed in excess of the amount alleged in the cross-complaint; whereupon, respondent's counsel advised appellant that he would ask to amend the cross-complaint in this respect. At the opening of the trial, with some minor modifications, the court allowed the amendment over the appellant's objection that new issues were presented which the appellant was. not prepared to meet and which would entitle appellant to a continuance. The court indicated that it would allow the amendment, but no continuance was requested.

If there is objection to a trial amendment because of surprise and inability to meet new issues, the overruling of the objection is not erroneous unless there is a request for a continuance. *Palin v. General Constr. Co.,* 47 Wn. (2d) 246, 287 P. (2d) 325. The facts upon which the trial

---

[1]While the respondent wife is a nominal party, the opinion refers to the husband alone.

amendment was predicated were supplied by appellant from its own records, but the issues were not changed. There was no prejudice in any event.

■ The basis of the respondent's claim was that the custom-mixed dairy feed was adulterated, and, in response to a special interrogatory, the jury expressly found that the feed was adulterated. Respondent's evidence amply supports this claim. Six former employees of the appellant, who prepared the custom-mixed dairy feed for the respondent, testified positively, without objection, to adulteration and that such was done at the express direction of the appellant's manager. This issue was fully tried for five days, at the conclusion of which respondent moved to amend the pleadings to conform to the proof, which motion was granted and to which the appellant now assigns error. Rule of Pleading, Practice and Procedure 6(9), 34 A Wn. (2d) 72,[2] which was in force at the time of trial, expressly authorized an amendment to conform the pleadings to the proof admitted without objection. This rule has always been liberally construed. *Kingwell v. Hart*, 45 Wn. (2d) 401, 275 P. (2d) 431; *Walker v. Sieg*, 23 Wn. (2d) 552, 161 P. (2d) 542. The present rule is even more liberal. Rule of Pleading, Practice and Procedure 15(b), RCW Vol. 0.

In the first instruction defining the issues, the jury was permitted to consider whether "dairy mix" on the sales slips was, in fact, custom mix. The issue was, likewise, raised in the respondent's motion for a trial amendment to the cross-complaint. Respondent's evidence is that fifty-five tons shown on the sales slips as "dairy mix" were, nevertheless, only custom mix. Such was purely a question of fact and was carefully considered by the trial court in allowing the amendment of the pleadings. The assignment is without merit.

■ Our practice requires the trial judge, prior to the submission of the cause to the jury, to give all counsel

---

[2] "At any time after trial, whether before or after judgment, the trial or appellate court may allow or make any amendment necessary to make a pleading conform to the proof, so far as may be just." Rule of Pleading, Practice and Procedure 6(9), 34 A Wn. (2d) 72.

copies of the proposed instructions. The reason therefor is to afford counsel a timely opportunity to call the court's attention to any mistakes. This purpose is not served unless the specific point is indicated. Two of appellant's exceptions failed to do this. A general exception is useless. *Klise v. Seattle,* 52 Wn. (2d) 412, 325 P. (2d) 888.

Error is assigned to instruction No. 13 in which the court quoted portions of RCW 15.53.010 and RCW 15.53.160. The exception was that appellant's evidence showed that the statute had been modified by the Director of Agriculture. We are not directed to any provision of the statute attempting to endow that official with any such power, even if such could constitutionally be done. We find no error in the instruction.

■■ Error is assigned to an instruction[3] that the statute denies recovery for the purchase price of units of commercial feed if the jury should find any units to be adulterated. Appellant's exception is that the instruction "states that if the jury finds the plaintiff sold the defendant adulterated feed, the plaintiff is not entitled to recover for the contents within which were not adulterated."

However, appellant's position was that there was no adulteration, and its counsel does not point out any evidence separating unadulterated contents in the mix. It is not claimed that appellant requested an instruction upon the theory of his exception.

RCW 15.53.170 provides in part as follows:

"No person shall distribute an adulterated commercial feed. A commercial feed shall be deemed to be adulterated:

---

[3] "The Legislature of this State has enacted statutes controlling and regulating the manufacture and sale of commercial feeds.

"One of the issues in this case is whether or not any of the commercial feed, if any, sold by the plaintiff to the defendants was adulterated.

"In this regard, you are instructed that if you should find that the plaintiff sold commercial feed to the defendants, and if you should find that all or any of the units of commercial feed was adulterated as defined in these instructions, then you are instructed that the law will not permit the plaintiff to recover from the defendants for the purchase price of the units of commercial feed that you find to be adulterated, if any." Instruction No. 14.

"..."

"(2) If any valuable constituent has been in whole or in part omitted or abstracted therefrom or any less valuable substance substituted therefor."

RCW 15.53.300 prescribes a penalty for a violation.

The plain purpose of this statute is to prohibit traffic in adulterated commercial feeds. Since *Law v. Hodgson,* 11 East 300, 170 Eng. Rep. 1111 (1809), the law is that recovery of the purchase price of commodities is precluded if such are sold in violation of a statute, the purpose of which is to safeguard the public health or protect the public against fraud and imposition, if the statute prescribes a penalty for its violation. *Lasting Products Co. v. Genovese,* 197 Va. 1, 87 S. E. (2d) 811; *Smith v. Bach,* 183 Cal. 259, 191 Pac. 14; *Better Taste Popcorn Co. v. Drake,* 125 Ind. App. 522, 124 N. E. (2d) 709; *Ideal Bldg. Material Co. v. Benson,* 273 Ill. App. 519.

The final assignment with respect to the instructions concerns one respecting attorneys' fees on the note.

The exception is:

"... whether or not defendants are entitled to recover on the counter claim as set off is immaterial to the reasonable value of the plaintiff's right to attorneys fees."

We find no prejudice because the court in the instruction told the jury that, even if they found for the defendants on the cross-complaint, the appellant's attorneys' fees should be fixed in a reasonable amount.

It is only fair to observe that Mr. John F. McCarthy, who argued the cause here for the appellants, did not appear at the trial.

The judgment is affirmed.

FINLEY, C. J., WEAVER, ROSELLINI, and OTT, JJ., concur.