[No. 38849.    Department One.    July 13, 1967.]

BEATRICE BELLAH, *as Guardian, Respondent*, v. WILLIAM L. BROWN *et al., Appellants**

*Vance, Davies, Roberts & Bettis*, for appellants.

*Jarvis, Kelleher, Allen, Skellenger & Bovy*, by *Richard Kelleher* for respondent.

*Reported in 430 P.2d 542.

BARNETT, J.†—This is a suit for personal injuries. The plaintiff Beatrice Bellah as guardian ad litem for Beatrice Stevenson, a minor, instituted this action against defendants for the purpose of recovering damages caused to Beatrice Stevenson, who, at the time of receiving the injuries, was 13 years of age.

Hereinafter in this opinion Beatrice Stevenson will be referred to as the plaintiff and Mrs. Brown as the defendant.

The pertinent facts are as follows: On the morning of January 15, 1964, the plaintiff and a companion were walking to school via a route which took them in a westerly direction 'along Southwest 146th, Seattle. The two girls had turned west at the intersection of Southwest 146th and 12th Ave. S.W., and began walking on the north side of the road with their backs to the traffic. At some point in the block between 12th Ave. S.W., and 14th Ave. S.W., the girls started to cross Southwest 146th at an angle to the south side of the roadway. Neither one of the girls looked to her rear to see if there were any cars approaching. When the plaintiff, who was the closest to the south side of the road had at least reached the center of the road (the exact location is in dispute), she heard a car approach from the rear. She continued to her left attempting to reach safety on the south side of the roadway and her companion moved to her right, back to the north side of the road. Before the plaintiff reached safety she was struck by the right front of the car driven by defendant. The testimony shows that defendant saw the two girls walking on Southwest 146th before she had reached the intersection of Southwest 146th and 12th Ave. S.W. The defendant testified that she followed the girls "for quite a long distance," and she placed the point of impact closer to the intersecting street of 14th Ave. S.W., than 12th Ave. S.W. The plaintiff, however, placed the point of impact only about a quarter of a block west of 12th Ave. S.W. The minimum distance at which the defendant would have seen the girls was 154 feet, and the maximum 501 feet, depending on whose testimony is believed. The de-

---

†Judge Barnett is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

fendant testified that she drove slowly behind the girls, as they were in the roadway, hoping the noise of her car would warn them of her presence behind them. The defendant further testified that she honked her horn only once and that was when she was within a half a car length of the girls and then she immediately attempted to go around them by swinging to her left into the opposite traffic lane. It was during this evasive maneuver that defendant's car struck the plaintiff.

The case was tried to a jury and resulted in a verdict in favor of plaintiff in the sum of $6,500. The defendant's motions for judgment non obstante veredicto or in the alternative for a new trial were denied and judgment was entered on the verdict from which judgment the defendant has appealed.

Three of the assignments of error orbit around the defendant's contention that the court erred in giving a last clear chance instruction. No exception was taken to this instruction.

No exceptions were interposed by the defendant to the court's definition of negligence, contributory negligence and proximate cause.

The defendant does not argue that the last clear chance instruction does not state the law, but contends that there was no evidence to support it.

■ In this posture of the record we will be guided by the rule that parties are bound by the law laid down in the instructions where, as here, no objections or exceptions thereto were made at any stage. In such a case the sufficiency of the evidence to sustain the verdict is to be determined by the application of the instructions and rules laid down in the charge. This rule does not apply if the record or evidence conclusively shows that the party in whose favor the verdict is rendered is not entitled to recover. No man should be allowed to recover in any cause unless there is evidence to support his contention. See *Greenwood v. Olympic, Inc.*, 51 Wn.2d 18, 315 P.2d 295 (1957); *Tonkovich v. Department of Labor & Indus.*, 31

Wn.2d 220, 195 P.2d 638 (1948); *Walsh v. West Coast Coal Mines, Inc.,* 31 Wn.2d 396, 197 P.2d 233 (1948).

We proceed now to a determination as to whether or not there was sufficient evidence to justify the verdict of the jury. The defendant's sole argument is that the factual pattern in this case shows conclusively that she did not have a last clear chance. She states the predicate for her position on page 17 of her brief:

> The question before the Court reduced to the simpliest [*sic*] terms is when or where does last clear chance occur? It is appellant's [defendant] position that it is only the peril that resulted in injury to the respondent [plaintiff] that the doctrine of last clear chance can be applied to, and that any antecedent peril of the respondent was not the peril that culminated in a factual situation to support the invocation of the last clear chance instruction.

On page 23 of her brief it is further stated:

> The application of the principles as to the doctrine of last clear chance as enunciated in the cases cited herein clearly show that the peril that appellant defendant had to contend with was that peril that arose only after the respondent [plaintiff] changed her position by suddenly moving to her left into the path of appellant's vehicle, both acts of the respondent and appellant occurring instantaneously.

This argument is premised upon the theory that the defendant proceeded behind the plaintiff about half a car length and remained in this position for quite a distance and, after honking her horn, proceeded to the left to go around the plaintiff and as she did so, the plaintiff at the same instant, also moved to her left. Our reading of the record convinces us that the last clear chance doctrine is particularly applicable in this case. The defendant argues "that any antecedent peril of the respondent [plaintiff] was not the peril that culminated in the factual situation to support the invocation of the last clear chance instruction." With this argument we disagree. The jury could find that the defendant had the plaintiff in view and in position of potential danger for more than a block before the plaintiff was

struck. The jury could find that the defendant was proceeding at the same speed as the plaintiff behind the plaintiff and that she proceeded half a car length behind the plaintiff for an appreciable distance. The jury could find that defendant knew the plaintiff was *unconscious* of her approach; that plaintiff crossed the street at a lackadaisical pace and was within 2 or 3 feet of the south side of the roadway when she was struck; that defendant's car was half off the traveled portion of the road on the south side of the road; and that defendant at no time honked her horn or gave any other warning. In respect to warnings given, there is a conflict in the evidence, but in defendant's favor the jury could have found that she honked only when she was half a car length from the girls. It could be evident to the jury that the defendant sought to avoid the plaintiff by turning left in front of her instead of adopting some other method of avoiding an impact, either stopping or by giving a timely warning.

■ The defendant's insistence that this was a case of instantaneous action, *i.e.*, there was no chance to avoid the accident, hence, the doctrine of last clear chance is not to be applied, is not supported by our cases. In the present case it was when the defendant first saw the girls in the road that there was or should have been a recognition of peril to which the rules of last clear chance apply.

In *Flagg v. Vander Yacht,* 174 Wash. 521, 24 P.2d 1063 (1933), a similar situation was presented to this court. The pedestrian was walking on the right side of a road and the defendant overtook him from behind. The defendant had seen the pedestrian for some time and had honked the car horn several times without getting any sign of recognition by the pedestrian. The defendant had slowed down and as she drew near the pedestrian he suddenly moved to his right and then to his left in front of the car and was struck and killed. The trial court would not instruct upon the last clear chance doctrine which this court held to be error. We stated in the opinion our recognition of the two phases of the last clear chance doctrine and then held at 525:

> It seems clear from the testimony that Mr. Flagg was walking on his right-hand side of the road, thereby violating that section of the statute . . . which requires pedestrians on highways to travel on and along the left side thereof. On this theory of the case, Mr. Flagg was guilty of negligence, but his negligence never terminated nor culminated in a situation of peril from which he could not by the exercise of reasonable care extricate himself. On the other hand, his negligence continued up to the instant of the injury.
>
> Under these circumstances, the first branch of the doctrine of last clear chance applies, and the trial court erred in refusing to instruct the jury accordingly.

In the *Flagg* case, *supra,* as in the present case, the jury could find that the pedestrian was not aware of the approaching car and he did make a sudden movement into the path of the car. We held that the last clear chance instruction should have been given and we now hold that it was not erroneous for the court to have given a last clear chance instruction in the present situation.

In support of her contention that the evidence does not justify the giving of a last clear chance instruction, the defendant cites *Steen v. Hedstrom,* 189 Wash. 75, 79, 63 P.2d 507 (1937). We held in *Steen* that the last clear chance doctrine did not apply to the facts. In the course of the opinion we said:

> It did not become apparent to the appellant until ten to twenty-five feet distant from the respondent that the respondent would continue on the right hand side of the highway or would veer to the left. The appellant did not until then see the peril of the respondent and appreciate the danger. It follows that the last clear chance doctrine is not applicable, as last clear chance implies thought, appreciation, mental direction, and the lapse of sufficient time to effectually act upon the impulse to save another from injury, . . . .

The plaintiff had been walking at the side of the road, but on it with his back to the traffic and at the time defendant approached and honked his horn plaintiff veered left across the roadway into defendant's car which defendant swerved to the left in attempting to avoid the plaintiff.

These facts are not the same as in the present case where it is established without question that the plaintiff was in the roadway, "they were in the pathway of my car," and the defendant had proceeded behind the plaintiff and her companion "for quite a long distance."

Neither do we think that *Colwell v. Nygaard,* 8 Wn.2d 462, 112 P.2d 838 (1941), is applicable since it is apparent from the opinion that the deceased plaintiff knew that there was a car approaching from her rear and she moved from the left of the roadway to the right into the proper path of the car.

Furthermore, we are convinced that the jury could conclude that the plaintiff had crossed the center of the street and was within 2 or 3 feet of the south side of the road when the accident happened. In such circumstances the jury could have concluded that the antecedent negligence of the plaintiff was not the proximate cause of the accident and that the defendant's negligence in driving on the wrong side of the road or in not giving adequate warning of her approach or in not stopping was the sole proximate cause of the accident. Thus, we find that there is ample evidence to support the verdict of the jury.

The defendant assigns error to the failure of the trial court to give a proposed instruction on a driver's right to assume that a pedestrian will exercise reasonable care for his own safety. The record shows the defendant in taking her exception failed to advise the trial court of the specific points involved; hence the exception will not be considered in this appeal. *Burlingham-Meeker Co. v. Thomas,* 58 Wn.2d 79, 360 P.2d 1033 (1961); *Cowan v. Chicago, M., St. P. & Pac. R.R.,* 55 Wn.2d 615, 349 P.2d 218 (1960).

The judgment of the trial court is affirmed.

FINLEY, C. J., WEAVER and ROSELLINI, JJ., concur.