[No. 39231.    Department One.    May 16, 1968.]

COLONIAL INVESTMENT COMPANY, *Appellant,* v. HERMAN F. KUHNHAUSEN *et al., Respondents.** 

*Orvin H. Messegee,* for appellant.

*Grant J. Saulie,* for respondents.

McGOVERN, J.—Plaintiff appeals from a defense verdict in favor of defendants Kuhnhausen. Defendant Fernandez, against whom a $20,000 judgment was entered, is not a party to this appeal. Reference herein to "defendants" relates therefore only to defendants Kuhnhausen.

*Reported in 440 P.2d 975.

After deciding to sell their timber land, defendants advertised in the May 26, 1964 issue of the Oregonian: "160 acre land with good stand old and 2nd growth timber. Box 34, Glenwood, Wash." One Tony Fernandez responded and was granted an option to purchase at a price of $60,000. That option was not exercised.

From that point on the material evidence as admitted was in sharp conflict except that Fernandez (1) introduced himself to the defendants as "Tony Adamson," (2) was introduced by plaintiff's president, Mr. Bryce Little, a then Seattle attorney, as "Tony Anthony," (3) was plaintiff's first contact regarding the acreage, (4) is now serving time in a federal penitentiary following a conviction on numerous counts of interstate transportation of stolen property (on facts not related to this cause), and (5) had produced a wholly spurious cruiser's report indicating that the land in question bore 3,431,000 board feet of timber.

Plaintiff, before acquiring the property, contracted to sell its timber for $100,000. Plaintiff then purchased the land for $60,000, using as a down payment the sum of $30,000 which it received as a prepayment for the timber. The balance of the land purchase price was to be paid from receipts on the sale of timber as removed.

When the timber was cut and removed, it scaled out at 1,196,510 board feet. The timber purchaser, not a party to this action, made no further payment and plaintiff brought this action alleging fraud and unjust enrichment. A general verdict for defendants resulted. A plaintiff's verdict against Fernandez, without damage, was also returned but the trial court entered judgment thereon for $20,000.

Plaintiff first asserts that the jury was instructed to assess damages against any defendant who committed fraud. By answer to special interrogatories, the jury found that Fernandez had knowingly made a false representation and that plaintiff had a right to, and did, rely on that representation. They returned a verdict against Fernandez, but found no damage. This, says plaintiff, was a violation of the court's instruction. Such a breach, it is reasoned, casts se-

rious doubt on the balance of the verdict and constitutes grounds for a new trial.

■ We do not agree. The court corrected the error by entering a $20,000 judgment for plaintiff against Fernandez. That amount in damages is consistent with the evidence and plaintiff does not contend otherwise. The error having been corrected, plaintiff has not been prejudiced. A new trial is ordered for error, not on suspicion.

Under special interrogatories, the jury also found that defendant H. R. Kuhnhausen had made a representation to plaintiff regarding the amount of timber on the property. Plaintiff asserts that this finding is inconsistent with the general verdict for defendants. To the contrary, since the jury did not find the representation to be false, the finding is perfectly consistent with the verdict. H. R. Kuhnhausen said that he participated in a conversation with his father and Mr. Little in Portland, Oregon, on November 11, 1964. According to the testimony, Mr. Little was then expressly advised that they had heard of alleged cruises fixing the volume of timber on the land at levels somewhere between 800,000 and 2,250,000 board feet. The record is also replete with statements by the defendants that they told Fernandez of the same reported cruises. There was in fact 1,196,510 board feet. The actual volume was therefore well within their stated range.

Although the special findings acknowledged a misrepresentation to plaintiff by Fernandez, they did not admit of one by the Kuhnhausens, nor could plaintiff attribute that of Fernandez to them. The answer to an additional interrogatory stated that Fernandez was not an agent of the Kuhnhausens. That finding, too, has substantial support in the evidence.

■ It is next argued that a new trial should be granted because of the court's failure to give plaintiff's proposed instruction No. 1. A different attorney represented plaintiff at that stage of the proceeding. We note that he totally failed to advise the trial court of any particular point of law involved. That being so, such points will not now be considered. *Bellah v. Brown*, 71 Wn.2d 603, 430 P.2d 542

(1967); *Harrison v. A Bar A Ranch, Inc.,* 63 Wn.2d 592, 388 P.2d 531 (1964); *Spinelli v. Economy Stations, Inc.,* 71 Wn.2d 503, 429 P.2d 240 (1967); *Cowan v. Chicago, Milwaukee, St. P. & Pac. R.R.,* 55 Wn.2d 615, 349 P.2d 218 (1960).

Finally, it is contended that the plaintiff was entitled to a judgment notwithstanding the verdict under the doctrine of unjust enrichment. The essentials of the argument are: (1) that plaintiff did not receive the volume of timber that it expected to receive, (2) that defendants were paid more for the land than it was really worth, and that (3) defendants should therefore return to plaintiff the dollar difference between the property's true worth and the amount paid for it.

That, in effect, is asking the court to remake the contract. There are no facts in the case that would justify an application of the doctrine of unjust enrichment. The parties were strangers and dealt with each other at length. Plaintiff is an investment company and was represented by an experienced attorney. Mr. Little, plaintiff's president, had known Mr. Fernandez prior to the occasion. Considering the timber sale receipts, judgment against Mr. Fernandez and the value of the bare land now owned by it, plaintiff's assets have a face value equal to the purchase price.

On the other hand, defendants had established a $60,000 price for the property some years earlier, and, as owners, testified to its worth. They were not represented by counsel during the negotiations. The jury found that they made no false representation of a material fact and that Mr. Fernandez was not their agent.

A reading of the entire record satisfies us that the basis of plaintiff's claim rested only in fraud. The trial court correctly refused to apply the doctrine of unjust enrichment as requested. There were no grounds upon which its application might be sustained.

The judgment of the trial court entered on the verdict is affirmed.

WEAVER, ROSELLINI, and HALE, JJ., and LANGENBACH, J. Pro Tem., concur.