[No. 273-40771-1. Division One. May 4, 1970.]
Panel 2

IVAN MYERS, JR., *et al., Appellants,* v. RAVENNA MOTORS, INC., *Respondent.*

*John L. Vogel* and *B. Franklin Heuston,* for appellants.

*Karr, Tuttle, Campbell, Koch & Campbell* and *F. Lee Campbell,* for respondent.

UTTER, J.—Ivan Myers, Jr. was injured when the steering mechanism of his car allegedly failed. He brought suit against Ravenna Motors, Inc., who did some repair work on his car. A jury found for Ravenna Motors and Myers appeals.

Myers challenges the failure of the court to instruct the jury on a theory of contractual liability or breach of warranty and the action of the court which allowed testimony to explain a written memorandum made by an employee of Ravenna Motors.

■ We do not consider the assignment of error directed to the court's failure to give the requested instruction. The exception stated, "Your Honor, the plaintiffs except to the failure of the Court to give plaintiffs' proposed instruction No. 3 which reads, . . . That is our only exception. . . ." Counsel is required to make known to the court the grounds upon which he excepts to give the trial court an opportunity to keep the trial free from error. The exception did not so inform the trial judge. *Moore v. Mayfair Tavern, Inc.,* 75 Wn.2d 401, 451 P.2d 669 (1969).

■ Even if Myers had made known the grounds upon which he excepted to the court's refusal to give his requested instruction No. 3[1], the result would be the same. We are here dealing with an oral contract to overhaul the steering and front end of an automobile. The standard of care for performance of the work under this contract, whether the alleged breach arose from misfeasance or nonfeasance, is the reasonable man standard, *i.e.,* the manner in which an ordinary prudent person engaged in the repair of automobiles would have performed the particular work under the same or similar circumstances. 38 Am. Jur. *Negligence,* § 20 (1941); *Mesher v. Osborne,* 75 Wash. 439, 134

---

[1] "If you find by a preponderance of the evidence that the defendant, Ravenna Motors, agreed to overhaul the steering and front end of the plaintiff Myers' automobile and that they did not do so, or that the same was not accomplished in a good and workmanlike manner, and if you further find that the collision was caused because of the failure of the steering mechanism, then you shall return a verdict for the plaintiff."

P. 1092 (1913); *Italia Societa Per Azioni di Navigazione v. Oregon Stevedoring Co.,* 310 F.2d 481 (9th Cir. 1962); *Westbrook v. Watts,* 268 S.W.2d 694 (Tex. Civ. App. 1954). The trial court fully instructed the jury on the theory of negligence. It is not prejudicial error to refuse an instruction where the theory of the rejected instruction is covered by other instructions given by the trial court.

 Testimony was allowed by the trial court to explain the meaning of certain language written by an employee of Ravenna Motors on a repair order he prepared as a result of a phone conversation with Myers. The document was prepared solely for use by Ravenna Motors as a work order and memorandum for its own employee. There is no showing it was intended by Ravenna Motors to represent the terms of the agreement between the parties. Inasmuch as the instrument was not contractual in nature, the parol evidence rule does not apply. *Logsdon v. Trunk,* 37 Wn.2d 175, 222 P.2d 851 (1950).

The judgment is affirmed.

HOROWITZ, A. C. J., and WILLIAMS, J., concur.