[No. 42064. En Banc. January 6, 1972.]

LARRY TERRY et al., Appellants, v. PUGET SOUND NATIONAL BANK, Respondent.

158

*Jack E. Tanner,* for appellants.

*Ronald A. Roberts* (of *Eisenhower, Carlson, Newlands, Reha, Elliott & Henriot*), for respondent.

PER CURIAM.—Plaintiffs, partners in a Tacoma barber shop, have maintained a partnership checking account with the defendant, Puget Sound National Bank, since October, 1964. The signatures of both partners were required for withdrawal from the account. Mr. Nash, a long time employee of plaintiffs, was occasionally left alone and in charge of the barber shop. He had no formal managerial responsibilities and no authority to write partnership checks. Between September 16, 1968, and January 3, 1969, Mr. Nash forged plaintiffs' signatures on numerous checks. Defendant bank honored these checks. In early January of 1969, plaintiffs discovered the forgeries. This action was then commenced to recover the monies paid.

The bank asserted plaintiffs' negligence as an affirmative defense under section 3-406 and section 4-406, Uniform Commercial Code, being RCW 62A.3-406 and RCW 62A.4-406.[1] On appeal from a jury verdict and judgment for de-

---

[1] These pertinent portions of the Uniform Commercial Code establish statutory rules which, for purposes of this case, may be paraphrased as follows:

1. A depositor who, by his negligence, substantially contributes to the forging of his signature to a check, is precluded from asserting that

fendant, plaintiffs contend that the affirmative defense should not have been submitted and that the bank should have been held liable as a matter of law.

The record shows that the check blanks were left in an unlocked drawer on the barbershop premises, easily accessible to Mr. Nash. Plaintiffs never inquired of one another about missing check blanks. For about 4 years, on a regular monthly basis, defendant sent statements and cancelled checks to plaintiffs' place of business. *See* RCW 62A.1-201(38). Plaintiffs regularly examined the cancelled checks and bank statements upon receipt. The monthly statements sent in October, November and December of 1968 were intercepted by Mr. Nash, and not received by plaintiffs. Plaintiffs did not inquire of the bank nor discuss between themselves this unusual absence of statements and cancelled checks. It was only when they received notice in late December that the account was overdrawn that they went to the bank and then discovered the forgeries.

■ These facts constitute substantial evidence of negli-

forgery as against a drawee bank which pays the check in good faith and in accordance with reasonable commercial banking standards. RCW 62A.3-406.

2. When a bank sends (includes mailing—RCW 62A.1-201(38)) its customer a statement of his account with the cancelled checks which the bank has paid in good faith, the customer is under a duty to exercise reasonable care and promptness to examine the statement and cancelled checks to discover a forgery of his signature as drawer and must notify the bank promptly of any such discovery. RCW 62A.4-406(1).

3. If the bank establishes that the customer failed to comply with RCW 62A.4-406(1) and if the bank is free from negligence (RCW 62A.4-406(3)), the customer is precluded from asserting the forgery against the bank (RCW 62A.4-406(2)(a)) and is further precluded from asserting as forgeries other checks by the same wrongdoer paid by the bank in good faith within a reasonable period after the bank statement containing the first forged check is available to the customer or which the bank pays prior to receipt of notice of the forgery. RCW 62A.4-406(2)(b).

4. Finally, irrespective of negligence of either the bank or the customer, a customer who does not within 60 days from the time the bank statement and cancelled checks are available to him, discover and report a forgery of his signature as drawer may not assert the forgery against the bank. RCW 62A.4-406(4).

gence on the part of the plaintiffs. Plaintiffs suggest that negligence is insufficient to support the affirmative defense afforded by these statutes in a forgery case, since forgery is a crime involving specific criminal intent. The statutory language contradicts this assertion. Under the statutes, the customer is precluded from asserting his unauthorized signature against the bank when he has failed to exercise reasonable care. Criminal activity is not a measure; negligence substantially contributing to the unauthorized signature is plainly sufficient. The issues of negligence and substantial contribution to the forgeries were properly submitted to the jury. The verdict will not be disturbed on this ground.

Plaintiffs also argue that they were entitled to a directed verdict in that they had established by their evidence a lack of ordinary care on the part of the bank as a matter of law, thus preventing application of the affirmative defense afforded by RCW 62A.3-406 and 62A.4-406. RCW 62A.4-406(3). However, plaintiffs would be entitled to a directed verdict only if there is no evidence or reasonable inference therefrom to support the bank's position that it had acted in good faith and with reasonable care. *See e.g., Wick v. Irwin,* 66 Wn.2d 9, 400 P.2d 786 (1965). We have reviewed the record and find therein testimony which, if believed by the jury, would establish that the bank had cashed no checks not bearing the names of both plaintiffs; that the tellers checked the signatures against the formal signature card until they were familiar with Mr. Nash and with the signatures; and that the forgeries were so skillful as to escape detection. The record does not support plaintiffs' assertions to the contrary. Under these circumstances, the trial court's denial of plaintiffs' motion for a directed verdict was correct.

Rule on Appeal I-43 requires challenged instructions to be set forth in the brief. A trial court's refusal to give requested instructions will not be considered on appeal unless the requesting party advises the trial court the points of law involved and reasons for the exception. *Colo-*

*nial Inv. Co. v. Kuhnhausen,* 73 Wn.2d 861, 440 P.2d 975
(1968). Under these rules, the remaining assignments of
error are not properly before us.

Judgment affirmed.