[No. 420-41936–3.   Division Three.   January 26, 1972.]

HENRY HAMPTON, as *Guardian, Respondent,* v. LLOYD CARLSON et al., *Appellants.*

*David J. Whitmore* (of *Whitmore & Warren*), for appellants.

*Frank T. Kuntz* (of *Hamilton, Lynch & Kuntz*), for respondent.

GREEN, J.—On September 6, 1969, after being home all morning, Margaret Ann Hampton, a high school senior, and her sister, Vickie, a ninth grader, took the family car with their parents' consent for the purpose of driving to nearby Wenatchee. Margaret was driving. As they drove up and over a hill, a horse walked from the right side of the road into the front of the car. Margaret slammed on the brakes as she felt the horse hit the car. As a result of the accident, personal injuries were inflicted upon the girls and the car was damaged. This action was brought by their father individually and 'as guardian ad litem against defendants, owners of the horse, to recover damages. Defendants appeal from a judgment entered on a verdict for plaintiffs and from the denial of an alternative motion for new trial or judgment notwithstanding the verdict.

Defendants offered only the testimony of defendant Ruth Carlson, and their 11-year-old son. This testimony disclosed that about 11 a.m. on September 6, 1969, defendants loaned the horse, a gentle Shetland pony, to two girls, ages 14 and 15, who borrowed the horse on at least 10 or 12 prior occasions; the girls were given a bridle to place on the horse; defendants had no knowledge of what the girls did thereafter; defendants were unaware the girls had any prior difficulty with the pony; and defendants next saw the horse dead on the highway. The two girls did not testify; the only reference to their names was "Shirley and her friend." The record is silent as to whether the pony was bridled at the time of the accident.

The foregoing constitute all of the material facts contained in the record surrounding the accident.

First, defendants assign error to the court's refusal to grant a motion for directed verdict at the close of all

the evidence and the subsequent denial of a motion for new trial or judgment n.o.v. It is defendants' position the evidence was insufficient for the jury to fix liability upon defendants.

RCW 16.24.065 provides:

Stock at large in areas—Unlawful. No person owning or in control of any livestock shall wilfully or negligently allow such livestock to run at large in any stock restricted area, nor shall any person owning or in control of any livestock allow such livestock to wander or stray upon the right-of-way of any public highway lying within a stock restricted area when not in the charge of some person.

The accident occurred in a stock restricted area. Interpreting this statute in *Scanlan v. Smith*, 66 Wn.2d 601, 604, 404 P.2d 776 (1965), the court said:

We are not concerned with any question of liability without fault. The presence of the defendants' livestock on the highway was sufficient to raise a permissible inference of negligence which would take the plaintiffs' case to the jury, and the burden was then on the defendants to go forward with any evidence that they might have in explanation of the presence of their livestock on the highway and to establish that ordinary and reasonable care had been exercised, under the circumstances, to prevent the livestock getting on the highway. Whether the evidence they offered for that purpose was sufficient to satisfy a jury, only the jury could decide.

See also *Consolidated Dairy Prods. Co. v. McDonald,* 71 Wn.2d 153, 426 P.2d 978 (1967).

Defendants assert testimony that the pony was placed in the possession of two 14 and 15-year-old girls who were experienced in handling the pony and who took the pony from the defendants' premises is uncontradicted. They contend this uncontradicted testimony conclusively establishes defendants' exercise of ordinary and reasonable care and there is no basis upon which reasonable minds could differ with regard to defendants' negligence. Defendants argue that since this evidence shows lack of negligence by them, defendants have satisfied their burden and are entitled to

a directed verdict. Further, it is argued if the two girls were negligent, such negligence could not be imputed to defendants, citing *Vacca v. Steer, Inc.*, 73 Wn.2d 892, 441 P.2d 523 (1968). We do not believe defendants' position is well taken. As the court said in *Scanlan*, 66 Wn.2d at 603:

> [I]t was the function of the jury to determine whether or not they believed any particular witness, and they are not obligated to believe any testimony even though there be no contradiction or impeachment of the witness. [Citing cases.]

The credibility of defendants' explanation was for the jury; the jury could have rejected the testimony of defendants' witnesses. Under *Scanlan*, the permissible inference of negligence arising from the presence of defendants' horse on the highway within a stock restricted area was sufficient to carry the case to the jury along with defendants' explanation. Defendants' motions were properly denied.

■ ■ Next, error is assigned to the failure to give certain proposed instructions. None of the instructions given or proposed are contained in the statement of facts as required by CAROA 34(8). Failure to comply with this rule is fatal to a consideration of the assigned error. *Popovich v. Department of Labor & Indus.*, 66 Wn.2d 908, 909-10, 406 P.2d 593 (1965). Inclusion of the instructions in the transcript on appeal does not cure the error. *Porter v. Chicago, M., St. P. & P. R.R.*, 41 Wn.2d 836, 838-39, 252 P.2d 306 (1953); *Kent v. Whitaker*, 58 Wn.2d 569, 364 P.2d 556 (1961); see also 3 Orland, Wash. Prac. 299-300 (2d ed. 1968). Further, the record discloses only a general exception as to proposed instructions No. B, F, and H as follows:

> Defendant excepts to the Court's failure to give Proposed Instructions No. A, B, E, F, and H as proposed by the defendant.

To be considered on appeal, the exception must state sufficient grounds to give the trial judge the opportunity to keep the record free from error. See *Myers v. Ravenna*

*Motors, Inc.,* 2 Wn. App. 613, 614, 468 P.2d 1012 (1970). For the foregoing reasons, defendants' assignment of error directed to the refusal to give proposed instructions No. B, E, F and H cannot be considered.

Judgment affirmed.

MUNSON, C.J., and EVANS, J., concur.