[No. 42644. En Banc. September 13, 1973.]

FRED E. KJELLMAN, *Petitioner*, v. WENDELL K. RICHARDS *et al., Respondents.*

HAROLD DIGRE *et al., Petitioners*, v. WENDELL K. RICHARDS *et al., Respondents.*

*Walsh, Brown & McMahon* and *Emmet T. Walsh,* for petitioners.

*Jack E. Hepfer* and *William R. Lanthorn,* for respondents.

UTTER, J.—Fred Kjellman, Sylvia Digre and Harold Digre appeal from a jury verdict finding Kim Richards not liable for damages they suffered in a traffic accident. A private school bus, which Sylvia Digre was driving and in which her son, Harold, was a passenger, collided with a car driven by Fred Kjellman resulting in personal injuries and property damage. All three persons brought suit against Kim Richards, a minor, and his parents, as owners of the car young Richards was driving, alleging the sole proximate cause of the Digre-Kjellman collision was the negligent manner in which Richards drove immediately prior to the collision.

The evidence demonstrates that Richards drove across the center line of the road forcing Sylvia Digre to take evasive action against the approaching Richards car. In the course of this evasion, Sylvia Digre lost control of the bus and struck the Kjellman car.

All of the plaintiffs allege the trial court erred (1) in failing to give instructions covering their theory of the case, (2) in failing to instruct the jury that it is negligence per se to violate the statutory rule of the road to remain on the right half of a roadway (requested instructions Nos. 3 and 4),[1] and (3) in instructing the jury that a finding of negligence by Sylvia Digre in failing to use her seat belt could diminish but not bar a recovery if there was a verdict in her favor.

We reverse the trial court for not properly instructing the jury as to defendant's alleged negligence per se.

The first assignment of error is to the court's refusal to specifically instruct the jury on what were the claimed items of negligence of Kim Richards, and not for failing to provide instruction within which plaintiffs could argue any specific acts of negligence.

█ We find no error in the trial court's refusal to give plaintiffs' instruction because the instructions given allowed plaintiffs to argue their specific theories on negligence.

> While each party is entitled to have his theory of the case set forth in the court's instructions, it is axiomatic that the trial court has considerable discretion in how the instructions will be worded. *Roberts v. Goerig*, 68 Wn.2d 442, 413 P.2d 626 (1966). It is also axiomatic that the instructions must be read as a whole.

*State v. Dana*, 73 Wn.2d 533, 536, 439 P.2d 403 (1968). *See also Laudermilk v. Carpenter*, 78 Wn.2d 92, 100, 457 P.2d 1004 (1969); *Myers v. Ravenna Motors, Inc.*, 2 Wn. App. 613, 615, 468 P.2d 1012 (1970). The instructions given,

---

[1]Plaintiffs' requested Instruction No. 3: "The violation, if you find any, of a statute is negligence ,as a matter of law. Such negligence has the same effect as any other act of negligence. Therefore, it will not render a defendant liable for damages claiming injury or damage unless you further find that it was a proximate cause of the claimed injury or damage." Plaintiffs' requested Instruction No. 4: "You are instructed that a statute provides that upon all roadways of sufficient width a vehicle is to be driven upon the right half of the roadway. There are certain exceptions to this statute, none of which is applicable to this case."

when read together, set forth plaintiffs' theory and permit specific argument in furtherance of it.

■ The second assigned error is the refusal to give plaintiffs' requested negligence per se instructions. On this issue, the court instructed:

> You are instructed that the defendant driver at the time and place of the accident involved had a *duty* to drive his automobile to the right of the centerline of the highway.

(Italics ours.) Instruction No. 11. There is nothing in this instruction, or elsewhere, defining "duty" or explaining how the word related to the concepts of proximate cause, contributory negligence, negligence, or ordinary care. This failure could result in prejudicial confusion by permitting the jury to resolve a question of law. The court may not so abdicate its responsibility. *State v. Chambers,* 81 Wn.2d 929, 932, 506 P.2d 311 (1973). The word "duty" could explain in part, for example, the nature of defendant's legal relationship to the plaintiffs if it had been further defined. W. Prosser, *Law of Torts* at 324 (4th ed. 1971).

The court further failed to clearly state the defendant's conduct was actionable negligence, that is if it proximately contributed to the plaintiffs' injuries. *White v. Peters,* 52 Wn.2d 824, 329 P.2d 471 (1958).

Plaintiffs' theory is that defendant's potential liability is established by violating a positive statute prohibiting driving over the roadway's center line. They are entitled to have the legal basis of this theory clearly presented.

Plaintiffs' exceptions adequately informed the trial court of the nature of its mistake. In their exceptions to the giving of instruction No. 11, they stated:

> I would only ask and request, your Honor, a further clarification that the failure or that such conduct amounts to negligence per se and that it is in violation of the state statute, specifically 46.61.100.

The exception to the court's failure to give the requested instructions Nos. 3 and 4 was: "This is a Uniform Washington Pattern Instruction covering negligence per se."

■ CR 51(f) directs that objections "state distinctly the matter to which he [counsel] objects and the grounds of his objection . . ." Exceptions to the trial court's failure to give an instruction must inform the trial judge of the points of law involved. *State v. McDonald*, 74 Wn.2d 141, 443 P.2d 651 (1968); *Colonial Inv. Co. v. Kuhnhausen*, 73 Wn.2d 861, 440 P.2d 975 (1968): *Dravo Corp. v. L.W. Moses Co.*, 6 Wn. App. 74, 492 P.2d 1058 (1972). These exceptions, when considered together, are sufficiently definite to inform the trial court of the matter to which counsel objected and the grounds of his objection.

Inasmuch as this case must be remanded for a new trial, we do not comment on the question of the trial court's instruction to the jury that allowed the injection of the issue of whether Sylvia Digre was contributorially negligent for not wearing a seat belt. In light of our ruling in *Derheim v. N. Fiorito Co.*, 80 Wn.2d 161, 492 P.2d 1030 (1972), rejecting the "seat belt defense", decided subsequent to the trial of this case, it is unlikely the same problem will occur again. We further assume that on retrial the plaintiffs will retain separate counsel because the fact is now apparent the respective positions of the various plaintiffs may be antagonistic to each other.

Judgment reversed.

HALE, C.J., FINLEY, ROSELLINI, HUNTER, HAMILTON, STAFFORD, and WRIGHT, JJ., concur.

BRACHTENBACH, J. (concurring)—I concur in the rationale of the majority except to the extent that it fails to deal with the seat belt-contributory negligence issue.

The problem is that the trial court did not instruct on the seat belt issue in the usual "contributory negligence is a complete bar" sense, but rather that such contributory negligence, if found, would bar recovery for such injuries or damages that would not have occurred had plaintiff been wearing a seat belt.

The so-called seat belt defense has been urged not only as contributory negligence, but alternatively as falling

within the concept of avoidable consequences or apportionment or mitigation of damages. 53 Marquette L. Rev. 172 (1970).

A careful reading of *Derheim v. N. Fiorito Co.*, 80 Wn.2d 161, 492 P.2d 1030 (1972), indicates to me that the court intended to reject all elements of the defense, that is, contributory negligence, avoidable consequences and apportionment or mitigation. I would dispel any doubt by so holding in this case. In addition to the cases cited in *Derheim, see Lipscomb v. Diamiani,* 226 A.2d 914 (Del. 1967), and *Romankewiz v. Black,* 16 Mich. App. 119, 167 N.W.2d 606 (1969), which discuss and reject not only the contributory negligence concept, but its subvariations.

ROSELLINI, HUNTER, and WRIGHT, JJ., concur with BRACH-TENBACH, J.